482 So.2d 154 (1986)
STATE of Louisiana
v.
Roland FRANCIS.
No. KA-2763.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
*155 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Judith Brewster, Asst. Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., and Sherry T. Cochrane, Law Clerk, New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Prog., New Orleans, for appellant.
Before GULOTTA, KLEES and LOBRANO, JJ.
*156 LOBRANO, Judge.
Defendant, Roland Francis, was charged by bill of information with forgery, a violation of LSA R.S. 14:72.[1]
Defendant was arraigned on August 26, 1983 and pled not guilty. On May 22, 1984 defendant was found guilty as charged by a six member jury. On June 8, 1984 defendant was sentenced as a multiple offender to fifteen (15) years at hard labor.
FACTS
Gillion Haymond, sister of the victim, Anthony Haymond, testified that on August 11, 1983 she was employed by Lynn's Fashions on Dryades Street. On that day defendant entered the store picked out some baby clothes and brought them to the counter. In payment, defendant tendered a check made out to one Anthony Haymond and presented identification in that name. Recognizing the check as her brother's monthly Veterans Administration Educational Benefits check, Ms. Haymond asked the defendant if he was in fact Anthony Haymond. Defendant answered that he was Anthony Haymond. Ms. Haymond informed the store manager that she believed this was her brother's check and that the signature on the check was not her brother's signature. The store manager, Raymond Mead, testified that he asked defendant if he wanted to cash the check. When Mead informed defendant that he was going to call the police, defendant snatched the check from Mead's hand and ran out of the store. Mead took his gun and chased defendant firing shots as he ran after him. Defendant ran down Thalia Street and into Pete's Bar. Mead did not follow defendant into the bar as it was known to be a dangerous place.
Police Officer, Michael Allsbrook was walking his beat in the 1600 block of Dryades Street when he heard gunshots. A passerby informed the officer that a chase was in progress. He observed defendant trying to hide in a vacant lot and Mead entering the vacant lot after him. Defendant was arrested and searched. No check or weapon was found in his possession. Officer Allsbrook testified that after advising defendant of his constitutional rights, defendant spontaneously stated: "Well, you can't do anything to me because I got rid of the check in Pete's." No evidence or cooperative witnesses were found in the bar. No defense witnesses were called to testify.
Defendant appeals his conviction and sentence alleging the following assignments of error in briefs filed by his attorney, and filed in proper person.
1) The evidence presented was insufficient to support defendant's conviction;
2) The trial court erred in imposing an excessive sentence;
3) The state failed to notify the defense in writing prior to trial of its intention to use the alleged oral statement made by defendant at the time of his arrest;
4) The state failed to prove the alleged statement by defendant at the time of his arrest was made voluntarily;
5) Defense counsel was ineffective by failing to object to numerous instances of hearsay testimony and failure to move for a directed verdict of acquittal when the state failed to prove its case beyond a reasonable doubt.
ASSIGNMENT OF ERROR 1:
Defendant asserts the evidence presented was insufficient to support his conviction.
When assessing the sufficiency of evidence to support a conviction, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier *157 of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306, 310 (La.1982).
Viewing the evidence in the light most favorable to the prosecution, the following facts were adduced at trial:
1) Defendant in payment for baby clothes, tendered a government check made out to "Anthony Haymond";
2) On the back of the check was a signature purporting to be that of "Anthony Haymond";
3) Defendant identified himself as "Anthony Haymond";
4) The cashier to whom defendant tendered the check was the sister of the victim and knew the signature was not her brother's signature;
5) Upon being confronted by the store manager, defendant grabbed the check and fled;
6) Upon being arrested, defendant stated that he disposed of the check.
In order to support his conviction for forgery, the state must prove defendant (1) falsely made or altered any signature to (2) with intent to defraud (3) of any part of any writing purporting to have legal efficacy; or that defendant (1) issued or transferred, (2) with intent to defraud, (3) a forged writing known by him to be a forged writing.
When the conviction is based, at least partially, on circumstantial evidence, the rule enunciated in LSA R.S. 15:438 is useful in determining if reasonable doubt exists "because when the overall evidence, direct and circumstantial, does not exclude a reasonable hypothesis of innocence, there exists a reasonable doubt as to guilt." State v. Nolan Camp, 446 So.2d 1207 (La. 1984).
At trial, the victim, Anthony Haymond testified that he never received his August, 1983 Veteran's Administration Educational check and did not know defendant nor did he in any manner transfer the check to defendant.
At the time defendant tendered the check in the department store, the check was endorsed "Anthony Haymond". Defendant identified himself as Anthony Haymond and produced false identification. The store manager also testified to the existence of the check, to defendant's claim to be the payee on the check and to defendant's tender of the check in payment for goods. Defendant admitted to the arresting officer that he disposed of the check prior to his arrest.
Thus, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime of forgery proved beyond a reasonable doubt and that no other reasonable hypothesis of innocence existed.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 2:
Defendant was sentenced as a second offender pursuant to the provisions of La. R.S. 15:529.1 to fifteen (15) years at hard labor. The maximum sentence defendant could have received is twenty (20) years at hard labor. La.R.S. 14:72; La.R.S. 529.1. Defendant received three-fourth's of the maximum allowed by law.
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person ... to cruel, excessive or unusual punishment." The imposition of a sentence, although within the statutory limit, may still violate this provision and may be reviewed on appeal. State v. Brogdon, 457 So.2d 616 (La.1984); State v. Thomas, 447 So.2d 1053 (La.1984). A sentence which appears severe is considered excessive and unconstitutional if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, supra at 625; State v. Davis, 449 So.2d 452, 453 (La.1984); State v. Telsee, 425 So.2d 1251, 1253 (La.1983).
*158 The trial judge while given great discretion in sentencing within statutory limits State v. Nealy, 450 So.2d 634 (La. 1982); State v. Trahan, 425 So.2d 1222 (La.1983) this discretion is not unbridled. State v. Quebedeaux, 424 So.2d 1009 (La. 1982), affirmed on remand, 446 So.2d 1210 (La.1984). This court must determine whether the sentence imposed is too severe in light of this particular defendant and the circumstances of this particular crime. State v. Brogdon, supra; State v. Quebedeaux, supra.
In order to insure adequate review by the appellate court, the trial court must indicate the factors it has considered for imposing sentence in the record. C.Cr.P. Art. 894.1 sets forth the criteria to be used by the trial court in its determination. Although the trial court need not articulate every circumstance cited, it must indicate that it considered the Art. 894.1 guidelines in tailoring a particular sentence for a particular defendant convicted of a particular crime. State v. Davis, supra. The sentencing record should reflect that the trial court considered the personal history of the defendant in addition to the seriousness of the crime and the past criminal history of the defendant. State v. Quebedeaux, supra.
In this case the sentencing transcript reveals defendant had previously pled guilty to the crime of theft over $500.00. Defendant then pled guilty to being a second offender. The Court took note that the state might have billed defendant as a triple offender but chose not to do so. The court questioned defendant as to his age and how much prison time he previously served. The court then sentenced defendant stating:
"... The court feels that if this defendant is released at this time or any time soon that he would commit another crime. The defendantThe court feels that the defendant needs a correctional treatment in the custodial institution and this can be mostly and effectively be provided by putting him in the penitentiary. A lesser sentence imposed would be serious. I don't know why people keep committing crimes and keep coming back. They probably think they are going to get away with it every time but you never get away with it. It is the sentence of this court that you shall serve 15 years at hard labor in the custody of the Department of Corrections in the State of Louisiana. You will be given credit for time served commencing on the day you were incarcerated."
While it can be argued that the trial judge did not articulate every aggravating and mitigating circumstance in sentencing defendant, such an articulation is not necessary where there is evidence elsewhere which illumines the sentencing choice. State v. Brown, 446 So.2d 417 (La.App. 4th Cir.1984), citing State v. Martin, 400 So.2d 1063 (La.1981).
Ordinarily, a forgery case does not have violent characteristics. However, in this case, the defendant when confronted by the store manager, grabbed the check from his hands, made a gesture as if he were reaching for a weapon and bolted thru the door. A chase ensued with defendant running into a bar where he disposed of the check and then continued to flee down Thalia Street. Defendant could have ended the chase anytime but instead was determined to complete his escape by hiding in a vacant lot. When eventually arrested by Officer Allsbrook, defendant boasted about having disposed of the check and that, therefore, he would suffer no consequences. Thus, the record supports the conclusion that defendant had a reckless disregard for the law in the perpetration of this crime.
Furthermore, at the sentencing hearing, defendant pled guilty to the multiple bill and spoke of his prior convictions to the court. He did not at any time advance any family ties, marital status, health or employment history that might warrant a lesser sentence. Under such circumstances we cannot say that the trial court imposed an excessive sentence. This assignment of error is without merit.
*159 ASSIGNMENTS OF ERROR 3 and 4:
These assignments of error are not supported by the record.
In its answer to discovery and in the bill of particulars, the state notified defendant of its intent to use the inculpatory statement made by defendant at the time of his arrest.
At trial, Officer Allsbrook testified that defendant was read his Miranda rights prior to stating, "Well, you can't do anything to me because I got rid of the check in Pete's."
Officer Allsbrook testified that he in no way coerced defendant into making this statement.
These assignments of error are without merit.
ASSIGNMENT OF ERROR 5:
Defendant asserts he was denied effective assistance of counsel because of counsel's failure to object to hearsay testimony and for failing to move for a directed verdict of acquittal after the evidence failed to prove beyond a reasonable doubt the guilt of defendant. He points specifically to the testimony of the victim's sister, Gillion Haymond. He argues that because the check was never produced all of Ms. Haymond's testimony concerning the alleged check constituted hearsay and defense counsel should have objected to its admissibility. We disagree.
"Hearsay evidence" is evidence of an unsworn, out-of-court statement made by a person other than a testifying witness and offered as proof of the truth of the statement's content; if such statement is offered for any other purpose, such as proof only that the statement was made, then the evidence is not hearsay. State v. Valentine, 464 So.2d 1091 (La.App. 1st Cir.1985) writ denied, 468 So.2d 572.
In the instant case, Ms. Haymond's testimony was offered to prove that the check was in defendant's possession, that he tendered it for payment of goods, that he identified himself as Anthony Haymond and that the signature on the check was not in her brother's handwriting. Thus, her testimony was not hearsay. The fact that the check was never produced in evidence is irrelevant to this issue.
Defendant's assertion that his defense counsel was ineffective for failing to move for a directed verdict of acquittal is also without merit.
The standard for judging any claim of ineffectiveness of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge and jury. Strickland v. Washington, supra.
A careful review of the record indicates counsel's performance does not fall below an objective standard of reasonableness. This assignment of error is without merit.
ERRORS PATENT:
We have reviewed the record for errors patent and have found none. La.C.Cr.P. Art. 920(2).
For the foregoing reasons defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA R.S. 14:72:

"Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery. Whoever commits the crime of forgery shall be fined not more than five thousand dollars, or imprisoned with or without hard labor, for not more than ten years, or both."