PER CURIAM.
In a prior appeal Nicholas’ conviction on one count of forgery was affirmed; his adjudication as a fourth offender was upheld; his forty year sentence was found excessive and was accordingly vacated, and the matter was remanded for resentencing. State v. Nicholas, 491 So.2d 711 (La. App.4th Cir.1986). On remand the trial court imposed a sentence of twenty-five years without benefit of parole.
In the present appeal Nicholas again argues that his sentence is excessive. In a supplemental pro se brief he also argues that his adjudication as a fourth offender rests on insufficient proof that he was the person convicted of the predicate offenses.
The record of the resentencing hearing shows the same thorough consideration of aggravating and mitigating sentencing factors as was given on original sentencing, and establishes compliance with C.Cr. P. Art. 894.1. Although we find no cases involving comparable circumstances,[1] given this defendant and his crime, and given the statutory range of possible sentences *209 (twenty years to life, see R.S. 15:529.-lA(3)(a)), we cannot find that the sentence actually imposed is grossly disproportionate or constitutes a “purposeless imposition of pain and suffering.” See State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. denied 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
The evidentiary question was not raised in the prior appeal and is not now properly before us. Nicholas is free to file an application for post conviction relief in the district court.
There are no errors patent on the record.
The sentence is affirmed.
AFFIRMED.

. But see State v. Francis, 482 So.2d 154 (La. App.4th Cir.1986) (fifteen year sentence for third offender forgery conviction not excessive); State v. Young, 432 So.2d 1012 (La.App.1st Cir. 1983) (ten year sentence; same).