422 So.2d 1140 (1982)
STATE of Louisiana
v.
George OUBICHON and Calvin Ursin.
No. 82-KA-0276.
Supreme Court of Louisiana.
November 29, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John Craft, David Plavnicky, Michael Fanning, Asst. Dist. Attys., for plaintiff-appellee.
Calvin Johnson, Warren DeAgano, Vernon Thomas, Orleans Indigent Defender Program, John J. Dolan, New Orleans, for defendants-appellants.
DENNIS, Justice.
Defendants, George Oubichon and Calvin Ursin, were convicted by a jury of armed robbery. Ursin was sentenced to 99 years imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Oubichon was adjudged to be a multiple *1141 offender and sentenced to 198 years imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Although the judge was authorized by law to impose a sentence within a range of 5 to 99 years upon Ursin and within a 5 to 198 year range upon Oubichon, he chose to impose the maximum punishment legally allowable upon each defendant. Defendants appealed their sentences only.
The present record assembled for our review in this case does not support the imposition of maximum sentences. The trial judge failed to perform his legal duty required by C.Cr.P. art. 894.1 to articulate the reasons for his sentences demonstrating that these individual defendants should receive maximum penalties rather than other sentences within the statutory range. Upon imposition of the sentences, the trial judge denounced each defendant as a violent recidivist beyond any hope of rehabilitation. However, he failed to state the facts which support this conclusion and gave no reason for finding these particular defendants less reformable and more deserving of punishment than other persons in their offender classes who have received lesser sentences for the same crime. The state's brief points to no additional evidence in the record which supports the maximum sentences, and our independent scrutiny has failed to uncover adequate justification for the non-parolable sentences of 99 and 198 years.
Consequently, we find that there is a substantial possibility that the sentences are constitutionally excessive and will vacate the sentences and remand this case for resentencing in full, recorded compliance with article 894.1. Our decision does not represent a final judgment that sentences of this magnitude are impermissible in this case; however, it is a finding that the sentences are so severe as to be constitutionally excessive unless good reasons exist to distinguish these defendants and their crimes as deserving of the heaviest sentences possible when compared with other persons in the same offender classes guilty of the same offenses. State v. Wimberly, 414 So.2d 666 (La.1982).
Defendant Oubichon filed an additional assignment of error based on statistics gleaned from the docket books of Section B of the Criminal District Court of Orleans Parish. These figures represent a compilation of all sentences in armed robbery and attempted armed robbery convictions from the period of approximately April, 1976 to September, 1979. The figures show an average penalty of eighty one years for a defendant who exercised his right to trial by pleading not guilty, as opposed to an average of nine years for those who plead guilty. For double bill prosecutions, the average was one hundred sixty-five years for a trial, while virtually all of the guilty pleas received the minimum of thirty years. These figures are somewhat alarming to us, as they present serious questions of "chilling" of sixth amendment rights and deprivation of due process by vindictive sentencing. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). These figures also tend to substantially support allegations of unjustifiable sentencing disparities between offenders sentenced in the same court and charges that the judge failed to comply with the requirement of article 894.1 by failure to particularize the sentences or to consider relevant militating and mitigating factors.
However, in the context of this case, we are unable to reach these questions. First, the defendant failed to introduce any of this evidence into the record of these proceedings. Only that which is in the record may be reviewed by this court. State v. Augustine, 252 La. 983, 215 So.2d 634 (La. 1968). Second, the defendant did not make any objection at or before the time of his sentencing. While we have held that there is no need for a contemporaneous objection for the issue of excessive sentence to be raised upon appeal, State v. Lewis, 416 So.2d 921 (La.1981); State v. Bourgeois, 388 So.2d 359 (La.1980), State v. Cox, 369 So.2d 118 (La.1979), we have been careful to limit this rule to prevent the defendant from being relieved of all obligations for objection in connection with sentence review. In *1142 our seminal decision of State v. Cox, we stated:
If at or before the time of the sentencing hearing a defendant does not alert the trial court to alleged deficiency in its sentencing reasons because of circumstances not reflected by the record (such as alleged misinformation or insufficient date of mitigating circumstances with regard to the sentencing decision), the assertion of the alleged deficiencies for the first time in the appellate court will not ordinarily be considered in the appellate review of sentence, which will be based upon the actual showings or attempted showings with regard to excessiveness made in the sentencing proceedings and upon the considerations and factual reasons expressed by the trial court's sentencing reasons made in compliance with La.C.Cr.P. art. 894.1.
369 So.2d at 123. On remand, however, if defendant objects to his sentence and alleges that the same irregularities exist, he must be given an opportunity in an evidentiary hearing to make a showing of such constitutional deficiencies.

DECREE
For the reasons assigned, defendant Ursin and defendant Oubichon's sentences are vacated and set aside. The case is remanded to the district court with instructions for the trial judge to resentence these defendants in a manner that complies with La. Code of Criminal Procedure article 894.1.
SENTENCES VACATED AND REMANDED FOR RESENTENCING.