446 So.2d 417 (1984)
STATE of Louisiana
v.
Robert J. BROWN.
No. KA 1218.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
M. Craig Colwart, New Orleans, for defendant-appellant.
Before SCHOTT, KLEES and CACCIO, JJ.
SCHOTT, Judge.
Defendant was convicted of theft of a $12,000 automobile in violation of LSA-R.S. 14:67 and sentenced to ten years at hard labor. His only assignment of error is that *418 the sentence was unconstitutionally excessive.
A review of the record discloses no errors patent.
We have further reviewed the record for sufficiency of evidence in accordance with State v. Raymo, 419 So.2d 858 (La.1982).
On January 24, 1983, Jerry White borrowed his step-daughter's 1982 Chrysler automobile in order to obtain a spare tire for his own car from an automobile dealer. When the salesman, John Coble, went behind the building to get the tire he saw defendant enter the Chrysler and flee. White and Coble gave chase in Coble's car. This took them through the streets of New Orleans and onto the expressway at high speeds until defendant crashed into a post in an exit from the expressway. The car had been purchased about a year before and was in perfect condition until the incident. Afterward it required $900 in repairs. These facts were established by the uncontradicted testimony of Coble, White, and his step-daughter. Defendant offered no evidence in his defense.
Having reviewed the evidence in the light most favorable to the prosecution, we have concluded that a rational fact finder could have found that the state proved beyond a reasonable doubt each element of the offense charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Returning to the assignment of error regarding the sentence defendant argues that the maximum sentence of ten years was excessive, the trial judge failed to adhere to the sentencing guidelines prescribed by C.Cr.P. Art. 894.1, and he failed to articulate his reasons for the sentence in accordance with State v. Oubichon, 422 So.2d 1140 (La.1982).
At the sentencing hearing defendant stood mute refusing to answer any questions put to him by the court. The judge noted that defendant was born in July, 1945. The state revealed that he pled guilty in 1965 to simple robbery and served three months in parish prison and he pled guilty in 1969 to simple burglary and served eighteen months in the state penitentiary. In imposing sentence the trial judge said:
"The only reason why you are not being multiple billed is because of the prescriptive period intervened. It is therefore the sentence of this Court that you shall serve ten years at hard labor in the custody of the Department of Correction of the State of Louisiana. The court cannot give you a suspended sentence because of the fact that you have prior felony convictions. If I could, there is an undue risk, almost a mortal cinch, that during the period of a suspended sentence or probation, you would commit another crime. The court feels that you are in need of correctional treatment in a custodial environment, and that can be best provided by committing you to an institution. It seems like the only way to protect society from you and your rampages is to keep you in jail as long as possible. A lesser sentence than the one that I just gave you would deprecate the seriousness of your crime."
While this statement does include comments on some of the elements contained in C.Cr.P. Art. 894.1 it does not contain an articulation of the reasons why this defendant should receive the maximum penalty as required by State v. Oubichon, supra. On the other hand, such an articulation is unnecessary where there is evidence elsewhere of record which illumines the sentencing choice. State v. Martin, 400 So.2d 1063 (La.1981). We conclude that there is such evidence in this case.
The behavior of this defendant after he took the automobile in and of itself is illuminating. When he realized he was seen taking the car he embarked on a high speed flight without regard for the safety of the public. He was apprehended only because he wrecked the victim's expensive and in-perfect-condition automobile. He could have ended the chase anytime but instead was determined to complete his crime even at the risk of great harm to innocent bystanders. Furthermore, he has previously *419 been convicted of two serious crimes involving moral turpitude and jail sentences have not deterred him from embarking on still another such crime. Finally, during the sentencing hearing the defendant failed to produce any evidence or information in mitigation.
We conclude that the assignment is without merit and affirm the conviction and sentence.
AFFIRMED.