452 So.2d 773 (1984)
STATE of Louisiana
v.
Halbert J. WILSON.
No. KA-1241.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 1984.
*774 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before REDMANN, C.J., and AUGUSTINE and WILLIAMS, JJ.
AUGUSTINE, Judge.
The defendant, Halbert Wilson was convicted of armed robbery, a violation of LSA-R.S. 14:64 and was sentenced to 99 years at hard labor, the maximum permissible sentence under the statute. Wilson appeals from that conviction. We affirm.
The victim of the robbery, Kent Stratton was visiting New Orleans for a business convention. He met the defendant in the French Quarter. After visiting several bars together, Wilson asked Stratton for a ride to his apartment. Stratton drove Wilson home whereupon Stratton asked Wilson if he could use the bathroom. The two men proceeded to the rear of the building and walked up the rear stairwell. As they approached Wilson's apartment he stated that the lock did not work properly and that he would use another entrance and let Stratton in the rear door. Wilson left Stratton standing in the hall. A few minutes later Wilson returned and pointed a gun at Stratton and demanded that Stratton give him his jewelry and wallet. Wilson threatened to kill Stratton if he did not cooperate. As Wilson searched Stratton's clothes for more money, the police arrived and placed Wilson under arrest.
Wilson's only assignment of error is that the sentence imposed is excessive. It is well settled that "the imposition of a sentence although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this Court on appellate review of his conviction." State v. Sepulvado, 367 So.2d 762 (La.1979). With respect to the appropriate standards for that review, the Sepulvado court further stated that:
... the statutory criteria legislatively provided by La.C.Cr.P. Art. 894.1 (1977), which are similar to those evolved by courts in other American jurisdictions with a constitutional or statutory duty to review excessiveness, provide appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives.
367 So.2d 762 at 769.
Therefore in order to determine whether the sentence was excessive we must determine whether the trial court complied with the 894.1 sentencing guidelines. In that regard the case of State v. Douglas, 389 So.2d 1263 (La.1980) is instructive.
In Douglas, the Louisiana Supreme Court upheld a sentence of ninety-nine years. The circumstances of the armed robbery in Douglas were no more heinous than those in the instant case. The defendant in Douglas had three prior felony convictions: two for simple robbery and one for possession of heroin. In Douglas the trial court's reasons for the sentencing were as follows: "Okay the court has satisfied itself with having looked at the rap sheet of the defendant, and the previous convictions involved in this man's criminal history, and the court is satisfied that Mr. Douglas is, in the court's opinion, an incorrigible, violent criminal ..."
In affirming the trial court's sentence in Douglas the Supreme Court stated,

*775 This record does not reflect any abuse of discretion which mandates interference by the appellate court in the sentencing process. Rather, one can plainly see that the trial court's sentence was founded on non-arbitrary considerations based on record facts. The danger that defendant will continue to perpetrate dangerous felonies, if not institutionalized for an extensive period, is obvious. Furthermore, defendant apparently presented no mitigating facts to the trial court, and none were apparent from the circumstances of the case. While defendant urges that the sentence was excessive, any factors weighing in favor of a lesser sentence were not presented to the trial court and have not been argued on appeal.
389 So.2d 1263 at 1267.
We can see little difference between the instant case and Douglas. Wilson also has an extensive arrest record. He was previously convicted of criminal trespass, possession of stolen property, soliciting for prostitution and theft. In sentencing Wilson the trial judge noted the defendant's criminal record and stated "I am convinced that there is only one sentence that will keep you from hurting other people ... You are progressively getting worse and worse."
Given the similarities between Douglas and the case at bar we cannot say the sentence imposed was excessive or that the trial judge failed to follow the guidelines set forth by La.C.Cr.P. Art. 894.1 (1977).
In addition, we have reviewed the record for sufficiency of evidence to support the appellant's conviction. State v. Shapiro, 431 So.2d 372 (La.1982). We find that viewing the evidence in the light most favorable to the state, a rational finder of fact could have found that every element of armed robbery had been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
For the foregoing reasons the conviction and sentence are hereby affirmed.
AFFIRMED.