KLEES, Judge.
This is an appeal from a conviction of aggravated kidnapping, aggravated rape, and armed robbery. A unanimous twelve person jury found defendant George Washington guilty of all charges. The trial court sentenced Washington to mandatory life imprisonment at hard labor on the aggravated rape charge, mandatory life imprisonment at hard labor on the aggravated kidnapping charge, and ninety-nine years at hard labor on the armed robbery charge.
Defendant Washington appeals the conviction of aggravated kidnapping, and the sentence imposed for the armed robbery conviction. The defendant contends that the evidence is not sufficient for a conviction of aggravated kidnapping, and that the sentence imposed on the armed robbery charge is unconstitutionally excessive. For the reasons stated below, we affirm the aggravated kidnapping conviction, and the sentence imposed on the armed robbery charge.
FACTS:
On April 7, 1984, at approximately 8:00 p.m., the victim, was entering her car, which was parked at the intersection of Oleander Street and Carrollton Avenue in New Orleans. A black male, later identified as the defendant, George Washington, *120 approached the victim, pointed a revolver at her head and got into the driver’s seat. Washington told the victim, “Shut up, you so and so, or I’ll blow your brains out.” The defendant started the vehicle, and drove to a secluded, dead end street where he told the victim to take off her clothes. Washington then raped her vaginally and anally. After driving a short distance, Washington took three gold chains and approximately thirty ($80.00) dollars in cash before ordering the victim from the car and driving away.
The victim walked toward Washington Avenue where she found several persons in the parking lot of a liquor store at 4340 Washington Avenue. The security guard at the store, a police officer on a paid detail, broadcast a description of the perpetrator and the victim’s vehicle. Officer Michael Groves stopped the defendant at the intersection of Washington Avenue and Magazine Street, approximately twenty-five blocks from the liquor store. Both Washington and the car he was driving matched the descriptions provided by the victim. Officer Groves took a small revolver, three gold chains and cash from the defendant. The registration papers in the glove compartment showed that the vehicle was registered to the victim.
Washington was then transported to the liquor store where the victim positively identified him as the perpetrator. She also identified the gold chains and the revolver. The identification took place approximately one-half hour after the occurrence of the crimes. All scientific tests performed on the defendant’s clothes proved negative for seminal stains or public hair.
At trial, the defendant pled not guilty. The defense presented three witnesses who testified that the defendant was at his sister’s residence on Rousseau Street, at 7:30 p.m. on April 7, 1984. Veronica Washington and Andre Dillon testified that it was impossible to be at the intersection of Carrollton Avenue and Oleander Street within forty-five minutes from this location.
ERRORS PATENT:
Our review of the record indicates that only one error patent exists. The trial court failed to state that the sentence for aggravated kidnapping, aggravated rape, and armed robbery must be served without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:42, 44, 64. However, this is an error patent favorable to the defendant, and thus, is ignored, as the error was not raised by the State. State v. Jackson, 452 So.2d 682, 684 (La. 1984); State v. Sennette, 462 So.2d 675, 677 (La.App. 4th Cir.1985).

Assignment of Errors:

Assignment of Error #1

In defendant’s first assignment of error, he argues that the evidence introduced at trial was insufficient to support the aggravated kidnapping conviction.
“Aggravated kidnapping is the doing of any of the following acts with the intent thereby to force the victim, or some other person, to give up anything of apparent present or prospective value, or to grant any advantage or immunity, in order to secure a release of the person under the offender’s actual or apparent control:
(1) The forcible seizing and carrying of any person from one place to another; or
(2) The enticing or persuading of any person to go from one place to another; or
(3) The imprisoning or forcible secreting of any person.” LSA-R.S. 14:44.
Specifically, defendant Washington argues that the evidence at trial was insufficient for a rational trier of fact to have found that the defendant intended to deprive the victim of her valuables and/or have sexual relations with her, as a condition of her release. The intention to deprive a victim of a valuable as a condition of the victim’s release is an essential element in proving aggravated kidnapping. State v. Moore, 432 So.2d 209 (La.1983).
The evidence presented at trial indicates that the victim was forcibly seized, and threatened at gunpoint, and transported from one place to another. The evi *121 dence also reveals that there was a deprivation of valuables (gold chains, money). In addition, the Louisiana Supreme Court has held that sexual gratification constitutes something of apparent value for purposes of the statute. Cf State v. Sonnier, 402 So.2d 650, 658 (La.1981). Although there is no direct evidence that the defendant forced the victim to submit to his sexual demands as a condition of her release, it is reasonable to infer that the defendant intended to release the victim only after taking things of value, because that is in fact what occurred. Intent, though a question of fact, “may be inferred from the circumstances of the transactions.” LSA-R.S. 15:445, State v. Custard, 384 So.2d 428, 430 (La.1980). Further, in similar eases, this court and the Louisiana Supreme Court have found sufficient evidence to support an aggravated kidnapping conviction without addressing whether the offender stated that the victim’s cooperation would result in her release. State v. Winn, 412 So.2d 1337 (La.1982), State v. Sonnier, supra; State v. Johnson, 443 So.2d 744 (La.App. 4th Cir.1983). Therefore, this court affirms the aggravated kidnapping conviction of the defendant, George Washington.
Assignment of Error # 2
By this assignment, the defendant contends that the trial court erred in imposing an unconstitutionally excessive sentence for the armed robbery charge. Washington was sentenced to the maximum penalty: ninety-nine years at hard labor.
Article 1, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. Sentences may be reviewed for excessiveness even though the sentence is within the statutory guidelines. State v. Telsee, 425 So.2d 1251 (La.1983), State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence is unconstitutionally excessive if it makes no measureable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering or is grossly out of proportion to the severity of the crime. State v. Lathers, 444 So.2d 96, 97 (La.1983). The Louisiana Legislature has set up a scheme under the Code of Criminal Procedure to tailor the sentence imposed on the particular defendant to the particular circumstances of the crime. C.Cr.P. art. 894.1.[1]
*122 Code of Criminal Procedure article 894.1 also requires the trial court to state for the record “the considerations taken into account and the factual basis therefore in imposing sentence.” In the instant case, the trial court did not comply with this provision. The trial court’s failure to state the factual considerations for imposing the maximum penalty does not necessitate a remand if the evidence in the record “illumines the sentencing choice.” State v. Brown, 446 So.2d 417 (La.App. 4th Cir. 1984).
In the instant case, the trial court imposed the maximum penalty, ninety-nine years at hard labor. Maximum sentences are to be reserved for the most egregious and blameworthy of offenders within a class. State v. Telsee, supra. The record herein reveals a particularly henious crime. The victim was not only robbed at gun point, she was also taken by force and sexually attacked. We also note that this court and the Louisiana Supreme Court have upheld maximum sentences imposed for armed robbery convictions. Cf. State v. Mosley, 466 So.2d 733 (La.App. 4th Cir. 1985); State v. Wilson, 452 So.2d 773 (La. App. 4th Cir.1984); State v. Nelson, 449 So.2d 161 (La.App. 4th Cir.1984); State v. Donahue, 408 So.2d 1262 (La.1982); State v. Douglas, 389 So.2d 1263 (La.1980).
In light of the facts of the case, we conclude that the imposition of the maximum sentence was not excessive, and that the failure of the trial court to state the factors relied upon in imposing the sentence, as required by C.Cr.P. art. 894.1, does not require a remand. State v. Mosely, supra.
Further a remand in the present case will not benefit anyone. The defendant has already been sentenced to life imprisonment at hard labor for the aggravated rape charge. Whether a sentence of ninety-nine years or less is imposed, he will be in jail for the rest of his life. Reiterating this court’s statement in State v. Mosely, “remanding for resentencing under these circumstances is an academic exercise which has no practical benefit to anyone ... The interest of the court system and society can be better served by closing the books on this case and letting defendant start officially serving his life time sentence ...” 446 So.2d at 736.
Accordingly for the foregoing reasons, we affirm the aggravated kidnapping conviction and sentence, and the sentence imposed for the armed robbery conviction of the defendant.
AFFIRMED.

. Art. 894.1. Sentence guidelines; generally
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his committment to an institution; or
(3) A lesser sentence will depreciate the seriousness of the defendant’s crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused or threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense;
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant’s criminal conduct was the result of circumstance unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C.The court shall state for the record the considerations taken into account and the factual basis therefore in imposing sentence.