KLEES, Judge.
On March 8, 1985, the defendant Tommy L. Scott was charged with aggravated burglary in violation of R.S. 14:60. He was arraigned and pled not guilty on March 12, 1985. The trial was conducted on April 10, 1985, and the defendant was found guilty of simple burglary in violation of R.S. 14:62 by a twelve person jury. On May 28, 1985, the defendant pled guilty to a multiple bill. He was sentenced on June 20, 1985 to eighteen years at hard labor. On that day, the defendant filed an oral motion for appeal. No written motion for appeal has been filed.
FACTS:
On January 23, 1985, Leigh Anne Ferry returned to her home at 518 Burgundy Street at approximately 2:30 a.m. She entered through the front door and locked the door. She walked into the dining room and was grabbed by the defendant who had a dark object in his hand. Ms. Ferry gave the defendant her purse. They went into the kitchen and the defendant took a butcher knife out of the kitchen drawer. The defendant also took money located in the kitchen. He then cut the telephone wires and searched Ms. Ferry’s bedroom, then exited the residence through an upstairs window.
At about the same time Ms. Ferry’s roo-mate, Coletta Lowden left the Clinic, a bar located at the corner of Burgundy and Toulouse Streets. She walked to the house at 518 Burgundy Street, rang the doorbell and looked through the front door window. She saw her roommate, Ms. Ferry, and the defendant standing inside the house. The man was holding a knife which was pointed toward Ms. Ferry’s abdomen. Ms. Lowden ran back to the Clinic and phoned the police. When the police arrived at the scene, *473 the defendant had fled and was headed toward Esplanade Avenue. The police apprehended the defendant as he was climbing down a drain pipe at 538 Burgundy Street and transported him back to 518 Burgundy Street where he was positively identified by Ms. Ferry.

Assignment of Error

In his only assignment of error the defendant alleges that the trial court erred in sentencing him to eighteen years at hard labor. It is the defendant’s contention that this sentence was imposed because he elected to go to trial after refusing to plead guilty to aggravated burglary. He alleges that in exchange for his plea, he was to be sentenced to ten years at hard labor as a second offender.
This issue was raised in State v. Oubi-chon, 422 So.2d 1140 (La.1982) and again in State v. Williams, 454 So.2d 295 (La.App. 4th Cir.1984). In both those cases, the defendants had included in their briefs a compilation of all sentences given for convictions of armed robbery and attempted armed robbery over a three and one-half year period in the section of court in which their trials had been conducted. The reviewing court in both cases refused to consider the issue:
However, in the context of this case, we are unable to reach these questions. First, the defendant failed to introduce any of this evidence into the record of these proceedings. Only that which is in the record may be reviewed by this court. State v. Augustine, 252 La. 983, 215 So.2d 634 (La. 1968). Second, the defendant did not make any objection at or before the time of his sentencing. While we have held that there is no need for a contemporaneous objection for the issue of excessive sentence to be raised upon appeal, State v. Lewis, 416 So.2d 921 (La. 1981); State v. Bourgeois, 388 So.2d 359 (La.1980), State v. Cox, 369 So.2d 118 (La.1979), we have been careful to limit this rule to prevent the defendant from being relieved of all obligations for objection in connection with sentence review. Oubichon, 422 So.2d at 1141-1142. Williams, 454 So.2d at 299.
Here, the defendant presents no such data to show that the trial court imposes a greater sentence on those persons who elect a jury trial after refusing to plead guilty. Instead, the defendant asserts that the trial court’s action in imposing eighteen years rather than the ten years offered during the plea bargain negotiations shows that the trial court impermissibly imposed a greater sentence to “punish” the defendant for refusing the plea bargain.
In State v. Barkley, 412 So.2d 1380, 1383 (La.1982) the Louisiana Supreme Court noted that “a trial judge’s pre-conviction offer of a lenient sentence should not be viewed as setting a limit for the justifiable sentence after conviction”. In State v. Frank, 344 So.2d 1039 (La.1977) the Louisiana Supreme Court stated that:
A judge’s disposition to impose a lenient sentence during plea discussions should not be understood as setting a limit for the justifiable sentence under accepted principles of criminal justice. The better view, we think, is that the plea proposal is a concession from the greatest justifiable sentence, the concession being made because of circumstances surrounding the plea. Id. at 1045.
See also Frank v. Blackburn, 646 F.2d 873 (5th Cir.1980) opinion modified, 646 F.2d 902 (5th Cir.1981) cert. den., 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981); State v. Tuesno, 456 So.2d 186 (La.App. 4th Cir. 1984). We conclude this assignment is without merit.
In addition we have examined the record for errors patent and have found none.
Accordingly, for the reasons expressed above the defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.