726 So.2d 1003 (1999)
STATE of Louisiana
v.
Calvin DONALDSON.
No. 98-KA-1015
Court of Appeal of Louisiana, Fourth Circuit.
January 6, 1999.
Harry F. Connick, Orleans Parish District Attorney, Charles E.F. Heuer, Orleans Parish Assistant District Attorney, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
Katherine M. Franks, Louisiana Appellate Project, Baton Rouge, Louisiana, Counsel for Defendant/Appellant.
Court composed of Judge ROBERT J. KLEES, Judge WILLIAM H. BYRNES III, and Judge STEVEN R. PLOTKIN.
PLOTKIN, Judge.
Calvin Donaldson was convicted of armed robbery, a violation of La. R.S. 14:64, in September of 1982. The State filed a multiple bill to which the defendant pleaded guilty. He was sentenced on October 18, 1982, to serve 198 years at hard labor as a second offender under La. R.S. 15:529.1. The defendant appealed, and this Court affirmed his sentence and conviction. State v. Donaldson, 439 So.2d 1138 (La.App. 4th Cir. 1983).
Application for post-conviction relief was made, and the Supreme Court set aside his sentence and remanded the case for resentencing because the record of sentencing did not show adequate compliance with La. C.Cr.P. art. 894.1. He was resentenced on July 28, 1993, to serve sixty-six years at hard labor without benefit of parole as a second offender under La. R.S. 15:529.1. The defendant then applied for supervisory writs to correct an illegal sentence, and this Court vacated the sixty-six year sentence on the grounds that the trial court's statement at sentencing indicated the judge considered the sixty-six year sentence as the minimum *1004 the defendant could receive. State v. Donaldson, 94-0332, (La.App. 4th Cir.5/5/94). On June 29, 1994, the defendant was resentenced to sixty-six years at hard labor without benefit of parole, probation, or suspension of sentence. An out-of-time appeal was granted to the defendant on July 29, 1997.
On appeal the defendant makes two assignments of error: (1) the sentence imposed is not in compliance with the directive issued by the Supreme Court, and (2) the habitual offender proceeding was defective and cannot be used as the basis for an enhanced sentence. There is merit in both arguments. Because the second assignment requires vacating the sentence, it will be considered first.
The defendant complains that at the multiple bill hearing on October 18, 1982, he was not appraised of his rights. A review of the sentencing transcript indicates that he is correct. After admitting that he committed prior crimes, the defendant was asked his age, place of birth, and whether he had any thing to say before imposition of sentence.[1]
At the time defendant was sentenced, Louisiana Revised Statute 15:529.1(D)(1) provided:
If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refused to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted the court shall sentence him to the punishment prescribed in this Section....
The jurisprudence has clearly recognized that this section of the multiple offender statute requires that before allowing a defendant to plead guilty to a multiple bill, the sentencing court must advise the defendant of his right to a formal hearing to have the State prove its case. Implicit in this requirement is the additional requirement that the defendant be advised of his constitutional right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983); State v. Vincent, 439 So.2d 1124, (La.App. 4th Cir.1983), writ denied, 472 So.2d 913 (La.1985).
Even though the defendant has been sentenced three times, his initial multiple offender conviction has never been set aside. When his 1982 and 1993 sentences were vacated, the trial court did not set aside the multiple bill proceedings. The trial court in each case corrected the illegally lenient sentence on the multiple bill.
Because the defendant was not advised of his constitutional rights prior to pleading guilty to the multiple bill, his multiple offender conviction and sentence must be reversed and vacated, and the case remanded for further proceedings.
The defendant's other assignment will be considered so as to instruct the trial court at resentencing. The history of this case *1005 indicates that at the original multiple bill hearing, an illegal sentence was imposed. When the Supreme Court ordered the trial court to comply with the sentencing guidelines, the trial court did not comply.[2] When this Court ordered the trial court to comply with State v. Husband, the court did not comply.[3] Therefore, because the trial court in Section B refuses to reconsider the defendant's sentence in the terms suggested by the Supreme Court and then by this Court, the case is to be remanded to a different section of Criminal District Court when the defendant is resentenced as a multiple offender. La.C.Cr.P. art. 881.4(B). State v. Soco, 441 So.2d 719 (La.1983), appeal after remand, 508 So.2d 915 (La.App. 4th Cir. 1987).
Accordingly, for reasons cited above, the defendant's conviction and sentence as a second offender under La. R.S. 15:529.1 are reversed and vacated, and the matter is remanded to be reassigned to another judge for resentencing.
MULTIPLE BILL ADJUDICATION REVERSED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
KLEES, J., concurs.
KLEES, J., concurring.
I concur that the multiple bill adjudication should be reversed. However, I do not see the need, as does the majority, to reassign this matter to another section of Court.
NOTES
[1] The defendant filed a writ arguing that he had not been advised of his rights under the multiple offender law before pleading guilty to the multiple bill; however, even though this Court conceded he established he was not advised of his rights, the writ was denied on the basis that sentencing errors are not proper grounds for post-conviction relief under State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172.
[2] When the defendant was resentenced after the Supreme Court vacated his 198 year sentence, the trial court did not follow the instructions set out by the Supreme Court; rather, the trial court seemed to assume that the defendant was appealing an illegally lenient sentence because there had been no mention of the restrictions on parole, probation, or suspension of sentence. However, the situation is complicated because, in its per curiam opinion, the Supreme Court misstated the defendant's sentence. The Court stated:

Granted in part; denied in part. Relator's multiple offender sentence of 198 years at hard labor without benefit of parole is vacated, and this case is remanded for resentencing. The record of sentencing does not show adequate compliance with LSA-C.Cr.P. art. 894.1, nor provide a factual basis for concluding that relator was beyond any hope of rehabilitation and that he therefore warranted punishment with the maximum sentence provided by law. See State v. Oubichon, 422 So.2d 1140 (La. 1982); State v. Kenner, 384 So.2d 413 (La. 1980). Upon resentencing, the district court should comply with LSA-C.Cr.P. art. 894.1, as amended by Act 22 of 1991, which requires consideration of the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. Felony Sentencing Guidelines, Sec. 309. In all other respects, the application is denied. [Emphasis added].
State ex rel. Calvin Donaldson v. John Whitley, 91-1621 (La.9/4/92), 605 So.2d 1078, (Justice Cole would deny the application). (Record, p. 248).
Although the opinion misstates the defendant's sentence, the intent of the decision is clear: the defendant's sentence is to be recalculated according to the Felony Sentencing Guidelines in effect in 1992. The Supreme Court does not discuss imposing a sentence according to dictates of State v. Desdunes, 579 So.2d 452 (La. 1991). The cases the Court cites are concerned with defendants who received maximum sentences for armed robbery; in each case the Court found the sentence was not supported by an articulation of reasons by the trial court. State v. Oubichon, 422 So.2d 1140, 1141-42 (La. 1982); State v. Kenner, 384 So.2d 413, 418 (La. 1980). This case is very similar to State v. Oubichon.
At the resentencing on July 28, 1993, the trial court stated that the defendant was being resentenced under Desdunes, and after considering the intent of the original judge, the trial court then sentenced the defendant to sixty-six years without benefit of parole, probation, or suspension of sentence.
[3] This Court vacated the sixty-six year sentence without benefit of parole, probation, or suspension of sentence and remanded the case for resentencing according to State v. Husband, 593 So.2d 1257 (La.1992), where the Supreme Court stated that at resentencing the sentencing guidelines should be considered. At a hearing on June 29, 1994, the trial judge, again citing State v. Desdunes, stated that he was aware that the minimum possible sentence was thirty-three years without benefit but reiterated that the "appropriate sentence" was sixty-six years without benefits based on the sentence originally imposed by Judge Braniff. (Both Desdunes and Husband have been overruled by State v. Harris, 93-1098 (La.1/5/96), 665 So.2d 1164, which, relying on the presumption of regularity in judicial proceedings, holds that an error or deficiency in the record may be corrected by a judge without bringing the inmate to court).