FORET, Judge.
The defendant, Nathan L. Dondis, was charged with distribution of cocaine in violation of LSA-R.S. 40:967(A), which was subsequently reduced to a charge of possession of cocaine in violation of LSA-R.S. 40:967(C). The defendant plead guilty to the reduced charge and was sentenced by the trial court to the maximum sentence of five years, which was suspended, subject to a five-year probationary period, with the further conditions that the defendant serve nine months in the parish jail and pay the maximum fine of $5,000 or serve an additional year in the parish jail in default thereof. The defendant has appealed, based upon the excessiveness of this sentence. We affirm the defendant’s conviction, but vacate his sentence and remand for resentencing.
The defendant, a twenty-four-year-old employed in his family’s nursery business, was arrested after he sold cocaine to an undercover officer in Lake Charles. The amount of cocaine found in the defendant’s possession was about 5 grams.
The defendant has no prior history of criminal activity and, since his arrest, has become involved in drug rehabilitation programs. The trial court did not order a pre-sentence investigation and evidently did not take into account the many letters presented to the court on the defendant’s behalf. The trial court, while recognizing the factors militating in favor of a suspended sentence for this young first-time offender, completely failed to articulate, under the guidelines of LSA-C.Cr.P. Art. 894.1, any basis for the sentence of imprisonment which he imposed. Great discretion is given to the trial court in sentencing, but, though each and every factor in Art. 894.1 need not be articulated, the record must support the sentence imposed. State v. Molinet, 393 So.2d 721 (La.1981); State v. Rachal, 428 So.2d 805 (La.1983).
The trial court’s references to the prevalence of drug activity in the Lake Charles area and the number of drug cases on his docket, taken alone, are not very persuasive considerations upon which a sentence may be based. The record indicates, from those comments, a lack of individualization or particularization of the sentence imposed on this defendant.
Because we have so little information before us upon which to base a review of the excessiveness of the defendant’s sentence, the defendant’s sentence is vacated, and the case is remanded to the trial court for resentencing in compliance with LSA-C.Cr.P. Art. 894.1.
CONVICTION AFFIRMED, SENTENCE VACATED, and CASE REMANDED.
STOKER, J., dissents and assigns written reasons.