488 So.2d 454 (1986)
STATE of Louisiana, Appellee,
v.
Nathan Long DONDIS, Appellant.
No. CR85-1024.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1986.
*455 Bernard H. McLaughlin, Jr., Stockwell, Sievert, Viccellio, Clements & Shaddock, Lake Charles, for appellant.
Richard Ieyoub, Dist. Atty., F. Wayne Frey, Asst. Dist. Atty., Lake Charles, for appellee.
Before FORET, KNOLL and MOUSER[*], JJ.
FORET, Judge.
The defendant, Nathan L. Dondis, was charged with distribution of cocaine, in violation of LSA-R.S. 40:967(A), which was subsequently reduced to a charge of possession of cocaine, in violation of LSA-R.S. 40:967(C). The defendant pleaded guilty to the reduced charge and was sentenced by the trial court to the maximum sentence of five years, which was suspended, subject to a five-year probationary period, with the further conditions that the defendant serve nine months in the parish jail and pay the maximum fine of $5,000 or serve an additional year in the parish jail in default thereof. The defendant appealed, contending that the sentence was excessive. In State v. Dondis, 467 So.2d 152 (La.App. 3 Cir.1985), we affirmed defendant's conviction but vacated his sentence and remanded for resentencing based on the trial court's failure to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1. On remand, the trial court imposed the identical sentence which it had previously pronounced except, as an additional condition of probation, ordered the defendant to pay the Department of Probation and Parole a fee of $50 every month for supervising his probation for the duration of that probation. Defendant has again appealed.
Defendant has filed a number of assignments of error which raise the following objections to the actions of the trial court on resentencing:
(1) the sentence imposed by the trial court is excessive;
(2) the trial court failed to follow the dictates of Art. 894.1;
(3) the trial court abused its discretion in failing to order a pre-sentence investigation and in failing to conduct a sentencing hearing;
(4) the trial court's failure to order a pre-sentence investigation was a violation of due process of law and of equal protection;
(5) the provision of the sentence requiring payment of $50 per month to the Department of Probation and Parole was not authorized under LSA-C.Cr.P. art. 895.1 because defendant was sentenced to serve time in the parish jail as a condition of probation; and
(6) the additional condition of probation represented an impermissible increase in the severity of defendant's sentence.
Having found merit in one of these contentions, we will again vacate the sentence and remand for resentencing.
The defendant was arrested after he sold cocaine to an undercover officer in Lake Charles. The amount of cocaine found in defendant's possession was approximately 5 grams. Defendant is 24 years old and has no prior history of criminal activity. Following his arrest, defendant became involved in drug rehabilitation programs. This involvement has continued up to the time of defendant's resentencing.
When this case was last before us, we noted that the trial court had not ordered a pre-sentence report and had not taken into account the many letters presented to the court on defendant's behalf. In addition, *456 we noted that the trial court had made reference to the prevalance of drug cases in Lake Charles and on his docket. We concluded that the record indicated a lack of individualization or particularization of the sentence imposed on this defendant and remanded the case for resentencing.
When the trial court resentenced, it imposed as an additional condition of probation that defendant pay $50 each month to the Department of Probation and Parole for the duration of his probation[1]. This additional condition resulted in the imposition of a more severe sentence. When a judge imposes a more severe sentence on a defendant who has been successful in obtaining the vacation of his sentence, due process of law under the Fourteenth Amendment requires that the judge's reasons for doing so must appear affirmatively in the record and must be based on objective information concerning identifiable conduct of the defendant occurring after the original sentencing, and this information must be made part of the record. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
In the present case, all evidence indicates that defendant's behavior has been exemplary since his original sentencing. Following his arrest, defendant became involved in drug rehabilitation programs. This involvement continued after his original sentencing and up to the time of his resentencing. Defendant has continued to work in the family-owned business and to maintain a close relationship with his parents. There is a total lack of any justification for the increase in the severity of defendant's sentence. For this reason, we will once again vacate defendant's sentence and remand for resentencing.
Defendant has requested that, in the event his case is remanded for resentencing, it be remanded to a judge of the Fourteenth Judicial District other than the Honorable L.E. Hawsey, Jr., who has, on two previous occasions, sentenced defendant. Such relief has been granted before. See State v. Soco, 441 So.2d 719 (La.1983); State v. Jones, 473 So.2d 917 (La.App. 3 Cir.1985). At defendant's resentencing, the trial judge indicated that he had read the letters previously presented to him on defendant's behalf. The trial judge, however, may not have given proper consideration to these letters. He seemed overly concerned that the letters represented an attempt to "exert pressure" upon the trial court. Nothing in the letters, however, indicated any improper attempt to influence the trial judge's decision. It also appears that the trial judge's attitude toward defendant may have been affected by his perception that the district attorney had shown favoritism in his prosecution of defendant. At the resentencing hearing, the trial court observed:
".... The DA has permitted the Court to view his complete file. It was noticed that the District Attorney at the time of your offense was a personal friend of your family and even made an unsolicited phone call to your father after your arrest. It's probably not true but some folks might say that friendship is why only one charge of distribution of CDS was accepted and why that charge was later reduced to the lesser offense of possession of CDS. The Court observed in reviewing the DA's file that there was no solicitation of the public to send letters to the Judge regarding your sentencing. One might summize that if there had been such a solicitation many more than eighteen letters would have been received demanding that you get the maximum that the sentence allows." *457 We feel that the trial court's comments on resentencing, once again, indicate a lack of individualization or particularization of the sentence imposed on this defendant. We think that defendant is entitled to the relief he seeks and will order that on remand for resentencing a judge other than the original sentencing judge resentence defendant.

DECREE
For the foregoing reasons, defendant's sentence is vacated and the case is remanded to the trial court to be reassigned to another judge for resentencing in accordance with the views expressed herein.
SENTENCE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[*] Judge Edward M. Mouser, of the 33rd Judicial District Court, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Although LSA-C.Cr.P. art. 895.1 now provides that "[w]hen the court suspends the imposition or execution of sentence and places the defendant on supervised probation, it shall order as a condition of probation a monthly fee of not less than ten nor more than one hundred dollars payable to the Department of Public Safety and Corrections..." This provision was enacted subsequent to the commission of the offense of which defendant was convicted. Generally, the law in effect at the time of the offense committed determines the penalty. State v. Wright, 384 So.2d 399 (La.1980); State v. Gros, 205 La. 935, 18 So.2d 507 (1944). Therefore, the imposition of this condition was not mandated by the law in the present case.