11 THIBODEAUX, Judge.
The Defendant, Bradford Ste. Marie, is once again before this court appealing his sentence. In State v. Ste. Marie, 97-168 (La.App. 3 Cir. 4/18/01); 801 So.2d 424, this court affirmed the Defendant’s convictions for four counts of indecent behavior with a juvenile (against four separate victims), but found the sentences imposed were excessive. The sentence imposed was five years at hard labor on each count, all but two years suspended, to run consecutively. The trial court placed the Defendant on five years supervised probation on each count. On appeal, this court based its determination of excessiveness on the Defendant’s status as a first felony offender and “a substantial body of case law [which] indicates [the Defendant] should have been sentenced concurrently rather than consecutively.” Id. at 436. Accordingly, this court remanded the case for “resentencing to concurrent sentences in accordance with this court’s opinion.” Id. at 437. As instructed, the trial court held a resentencing hearing on May 24, 2001. Without formally imposing sentences, the trial court stated that the probationary periods would run concurrently rather than consecutively and its original decision to run the sentences consecutive to one another would stand. Defense counsel objected, arguing that the sentence was an abuse of the trial court’s discretion as well as contradictory to this court’s instructions upon remand. The Defendant now appeals his sentences, alleging one assignment of error.
Despite this court’s specific instruction to impose concurrent sentences, the trial court imposed its own judgment and flouted the order of this court. That is intolerable. When this court remanded the case for resentencing, this court instructed | ¡¿he trial court to impose concurrent sentences in accordance with this court’s opinion. The trial court stated the following:
BY THE COURT:
The sentence conditions of the probation, namely, that I made the probation periods consecutive is now established to be incorrect in the law. The Department of Corrections will only supervise someone for five years, so there must be only one period of supervised probation, namely, the probations must be concurrent so that they are all together and the probation is no longer than five years. I, therefore, make that correction and do that.
*360 The Court also found that the sentences being consecutive was incorrect, an abuse of discretion. I have reviewed the reasons which I gave at the time of the original sentencing and, very briefly, when there are four victims over a period of five years, I remain persuaded that concurrent sentences are not required. The possibility of consecutive sentences is within my discretion. I have also reviewed case law on this subject, and there is case law out of every circuit which permits consecutive sentences when there are different victims and over a period of time.
The cases which I will refer to particularly are, first and foremost, State v. Porter, 700 So.2d 1058. That is out of the Second Circuit and the language there says concurrent sentences are not mandatory nor are consecutive sentences necessarily excessive because they stem from the same course of conduct or the same type of conduct. When there is a period of time and different victims consecutive sentences are within the trial court’s discretion.
The other cases: State v. Thomas, 719 So.2d 49, that is from the Supreme Court; State v. Miley out of the First Circuit, 521 So.2d 660; State v. White from the Third Circuit, 704-376; State v. Jones out of the Fourth, 744-165; and State v. Boyles[Boros], that’s from the Fifth Circuit, 646 So.2d 1183.
The facts of this case persuade me after reconsideration that it is not one course of conduct when it involves different people over that period of time and under the particular circumstances and the testimony that I heard and found credible and believed and that was the basis for this decision. I remain persuaded that consecutive 1 «sentences are appropriate in this case. I leave it for the appeal courts and writs to the Supreme Court to tell me otherwise.
Defense counsel objected to the sentences and argues on appeal that the trial court erred in not following this court’s instructions upon remand. The State, in its brief, attacks this court’s finding of excessiveness in the previous appeal. However, such an argument is appropriate for seeking review of this court’s finding in the supreme court, but is not appropriate in this appeal.
Faced with a similar situation, the fourth circuit in State v. Donaldson, 98-1015 (La.App. 4 Cir. 1/9/99); 726 So.2d 1003, remanded the case to a different section of the district court for resentencing. The court stated, “Therefore, because the trial court in Section B refuses to reconsider the defendant’s sentence in the terms suggested by the Supreme Court and then by this Court, the case is to be remanded to a different section of Criminal District Court when the defendant is resentenced as a multiple offender. La.C.Cr.P. art. 881.4(B).” Id. at 1005. The supreme court reversed the fourth circuit’s decision on another ground but affirmed the court’s remand of the case for sentencing before another judge. State v. Donaldson, 99-369 (La.9/3/99); 740 So.2d 103. Likewise, we remand the present case to a different division of the district court for resentencing to concurrent sentences as instructed by this court in State v. Ste. Mane, 97-168 (La.App. 3 Cir. 4/18/01); 801 So.2d 424.

CONCLUSION

The sentences imposed by the trial court are vacated and the case remanded to a different division of the district court for resentencing. The resentencing judge should sentence the Defendant to concurrent sentences as instructed by this court in State v. Ste. Marie, 97-168 (La.App. 3 Cir. 4/18/01); 801 So.2d 424.
*361 REVERSED. SENTENCES VACATED AND CASE REMANDED TO BE REASSIGNED TO ANOTHER JUDGE IN THE 16TH JUDICIAL DISTRICT COURT FOR RESENTENCING.
DOUCET, C.J., dissents and assigns written reasons.