# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-513


**STATE OF LOUISIANA**

**VERSUS**

**MICHAEL CALVIN DUHON**
**A/K/A MICHAEL C. DUHON**
**A/K/A MICHAEL DUHON**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 164436
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## BILLY HOWARD EZELL
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Chief Judge, Billy Howard Ezell, and D. Kent Savoie, Judges.


**SENTENCES VACATED; CIVIL MONEY
JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS.**

**Donald Dale Landry**
**District Attorney, Fifteenth Judicial District**
**P. O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Kenneth P. Hebert**
**Assistant District Attorney**
**Fifteenth Judicial District**
**P.O. Box 33885**
**Lafayette, LA 70501**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Meghan Harwell Bitoun**
**P.O. Box 4252**
**New Orleans, LA 70119**
**(504) 470-4779**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Michael Calvin Duhon**

**Michael Calvin Duhon**
**Madison Detention Center #3-D-3**
**158 Treatment Plant Road**
**Tallullah, LA 71282**

**EZELL, Judge.**

The Defendant, Michael Calvin Duhon, is before this court on appeal of his resentencing. In *State v. Duhon*, 19-639 (La.App. 3 Cir. 4/1/20), 297 So.3d 892, *writ denied*, 20-479 (La. 11/10/20), 303 So.3d 1036, *writ denied*, 20-672 (La. 11/10/20), 303 So.3d 1040, this court affirmed Defendant's convictions for theft and money laundering but vacated the sentences imposed on those counts as being indeterminate. The trial court failed to specify to which count or counts the period of probation applied. This court remanded for resentencing, instructing the trial court that if any periods of probation were imposed, it must specify to which count or counts the periods of probation applied. *Id.*

On July 30, 2020, the trial court held a hearing, at which it stated that it "clarified" the sentences as follows: On the count of theft over $25,000.00, the trial court sentenced Defendant to fifteen years at hard labor, with all but eleven years suspended. On the count of money laundering, the trial court sentenced Defendant to fifteen years at hard labor, with all but eleven years suspended. The trial court ordered the sentences to run concurrently and stated that the term of probation would be three years for each sentence, with the probation periods running concurrently with each other and with parole. In addition to the normal conditions of probation, the trial court ordered the following special conditions of probation: 1) Defendant must perform sixty hours of community service – one-half being through litter abatement; 2) Defendant must pay $150.00 to the Office of Probation and Parole for the cost of the Presentence Investigation Report (PSI); 3) Defendant must pay court costs of $435.50; 4) Defendant must pay restitution in the amount of $331,500.00; 5) Defendant must refrain from acting in any capacity as an investment advisor, broker, or money manager, and 6) Defendant must refrain from any activity wherein

he would have access to assets of a third party. As for restitution, the trial court listed it with the other conditions of probation but also stated that restitution was part of "the sentence."

On August 25, 2020, Defendant filed a Motion for Appeal and Designation of Record regarding the sentences imposed by the trial court at resentencing. The motion was granted on September 2, 2020. On November 30, 2020, Defendant's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), seeking to withdraw from the case because of the lack of non-frivolous issues to assert on review. On January 19, 2021, this court issued an order to appellate counsel to submit a brief by February 3, 2021, addressing the issue of whether Defendant's sentences were indeterminate because the trial judge failed to state on which count or counts restitution was imposed and addressing the issue of whether Defendant's sentences were indeterminate because the trial court failed to clearly state whether the restitution was imposed as part of the sentence(s) or imposed as a condition of probation.

On February 5, 2021, this court received a brief by appellate counsel addressing the issues as requested by this court. Appellate counsel acknowledges that Defendant's sentences are "technically" indeterminate as to which count or counts restitution was imposed but contends the sentences are not indeterminate as to whether restitution was ordered as part of the sentences or whether it was imposed as a condition of probation. Appellate counsel asserts the trial court clearly imposed restitution as part of Defendant's sentence(s). Appellate counsel requests this court to remand the case to a different judge if it decides the case must be remanded for resentencing. Defendant filed a pro se brief alleging numerous errors. Most of the errors involve his convictions, which are now final and are not properly before the

court. Defendant attempts, however, to bootstrap his conviction claims by asserting that a valid sentence must be based on a valid conviction. Like appellate counsel, Defendant asks this court to remand for resentencing before a different judge, claiming the current judge is prejudiced against him. Finally, as for the trial court's restitution order, Defendant claims the trial court's order had no evidentiary basis and was imposed without legal authority. The was issued a "10-day order" on March 5, 2021, to file a brief by March 11, 2021, or possibly be cited for contempt of court. The State's brief was received by the court on March 15, 2021.

Subsequently, Defendant filed a supplemental pro se brief on March 18, 2021, and a pro se reply brief on April 1, 2021. He alleged errors regarding the "Civil Money Judgment of Restitution" issued by the trial court on December 9, 2019, and filed into the mortgage records on December 11, 2019.

As will be discussed, the sentences imposed at resentencing are once again indeterminate. Thus, the sentences must be vacated, and the case remanded for resentencing.

## FACTS

In Defendant's original appeal, this court stated the following regarding the facts of this case:

> In this criminal matter, Defendant, Michael Calvin Duhon, stole more than $400,000.00 in land and retirement funds from the victim, Marie Dutsch. Defendant's theft involved a complex financial scheme whereby he moved the money through shell corporations and different bank accounts to conceal the funds' source. As a result, Defendant was charged by bill of information with one count of theft over $25,000.00 in violation of La.R.S. 14:67, one count of money laundering in violation of La.R.S. 14:230(B)(5) and (E)(4), and one count of exploitation of the infirmed in violation of La.R.S. 14:93.4. Following a jury trial in February 2019, Defendant was acquitted of the charge of

3

exploitation of the infirmed but found guilty regarding the remaining two offenses.

*Duhon*, 297 So.3d at 894-95.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. There are two errors patent involving the sentences imposed that have been briefed by appellate counsel.

Upon remand, Defendant filed numerous post-trial motions, including motions for new trial, motions for post-verdict judgments of acquittal, and motions in arrest of judgment, all of which were denied by the trial court as duplicative.[1] The trial court also ruled that it was too late for Defendant to file these motions as they involved matters that had already "gone up on appeal." When Defendant asserted that the trial court must delay sentencing until twenty-four hours after the denial of his post-trial motions, the trial judge stated the twenty-four delay did not apply since the denial was based on the repetitiousness of the motions, not their merits.

We find the trial court was correct in finding the twenty-four-hour delay did not apply. In *State v. Lambert*, 52,004 (La.App. 2 Cir. 5/23/18), 248 So.3d 621, the second circuit found the La.Code Crim.P. art. 873 delay did not appear to apply since the trial court denied the post-trial motion as procedurally improper rather than on its merits. Moreover, since Defendant's post-trial motions attacked his convictions, they were not properly before the trial court. Since Defendant's convictions were affirmed by this court and are now final, the only portion of the record that is now

---

[1]Although the trial court denied the motions at the resentencing hearing, the trial court also issued a written order filed August 6, 2020, stating that it was denying all the post-trial motions "based on duplicity, as the allegations have already been presented to and ruled upon by the Court . . . . Defendant is not permitted to continue to urge the same post-trial motions which have already been disposed of by the trial court and considered on appeal."

subject to review on appeal is the resentencing proceeding. *See State v. Brown*, 19-370 (La.App. 5 Cir. 1/15/20), 289 So.3d 1179, *writ denied*, 20-276 (La. 6/22/20), 297 So.3d 721, *cert. denied*, ___ U.S. ___, ___ S.Ct. ___ (2021), where the fifth circuit found Brown could not challenge his conviction on an appeal of his resentencing when his conviction became final after the Louisiana Supreme Court denied writs. The fifth circuit stated, "[Brown's] resentencing [did] not allow him the opportunity to challenge his previously affirmed convictions . . . ." *Brown*, 289 So.3d at 1187. Likewise, Defendant's resentencing did not allow him the opportunity to challenge his previously affirmed convictions. Accordingly, we find the trial court did not err in denying Defendant's request to delay sentencing by twenty-four hours.

## ASSIGNMENT OF ERROR AND BRIEFED ISSUE NUMBER ONE

In this assignment of error, appellate counsel addresses the first issue this court ordered her to brief - whether the sentences imposed by the trial court at resentencing were indeterminate because the trial court failed to state on which count or counts the restitution was imposed. While agreeing the sentences are "technically" indeterminate, appellate counsel suggests a commonsense interpretation of the sentences indicates the restitution was imposed as part of the theft sentence.

*Resentencing Hearing*

The trial judge stated the following when she resentenced Defendant:

THE COURT: Right. Okay. All right. So, again, as I said, we are here because the Third Circuit wants clarification on the pronouncement made by the Court in regard to the sentences that were imposed.

And so, to clarify what the Court did in sentencing in this matter - - and I will repeat what was said before - - on the count of theft over

5

$25,000, the sentence is 15 years at hard labor. And all but 11 years of that sentence is suspended.

And, on the count for money laundering, the sentence is also 15 years at hard labor, with all but 11 years of that sentence suspended. And both of those sentences run concurrent.

I also want to make sure it's clear, for the record, that the terms of probation will be three years for the suspended part of the sentence, and that the probation on each sentence will run concurrent, and also that probation will run concurrent with parole. Because Mr. Duhon will parole, and I want his probation to begin once he begins parole.

The conditions of probation, as I have previously stated, are all of the normal conditions of probation, in regard to the requirements of the Department of Probation and Parole, which include reporting as directed, remaining free from criminal activity, refraining from owning or possessing firearms or dangerous weapons, refraining from use or possession of any drugs not prescribed or any alcohol.

Also, requiring the defendant to remain within the jurisdiction of the Court and not to leave, except with permission of the probation officer.

Special conditions which apply are to receive follow-up mental health treatment as recommended by the Department of Correction - -

. . . .

THE COURT:      - - perform 60 hours of community service - -

. . . .

THE COURT:      - - half through litter abatement - - pay a $150 fee to the Office of Probation and Parole for the cost of the PSI, pay court costs of $435.50, and the restitution, which the Court is imposing as part of the sentence.

And that restitution is in the amount of $331,500.00, which is a part of the sentence in this case. But, certainly, as a part of probation, that is to be monitored by probation and parole.

But I do note that the $331,500.00 in restitution is a part of the sentence. It is a nondischargeable debt, because it's based on defalcation.

I also note that another condition of probation is prohibition from acting in any capacity as an investment advisor, broker, or money

6

manager, or serving in any capacity in which the defendant would have access to money of a third party or assets of a third party.

We find that each time the trial court mentioned restitution, it stated that restitution was imposed as part of "the sentence" even though two sentences had been imposed. In *State v. Pope*, 19-670 (La.App. 3 Cir. 6/10/20), 299 So.3d 161, *writ denied*, 20-852 (La. 10/6/20), 302 So.3d 532, this court found the trial court imposed indeterminate sentences when it failed to specify on which count or counts it imposed several terms of the sentence, including restitution.

*Appellant's Counsel's Argument in Brief*

Although appellate counsel concedes the sentences are technically indeterminate, appellate counsel takes issue with this court's order requiring her to brief the issue. First, appellate counsel submits the trial court's original sentence and the sentence imposed at resentencing are basically the same regarding restitution. Thus, appellate counsel appears to be questioning why this court did not mention the error in the original appeal. Secondly, appellate counsel suggests that a "common sense" reading of the resentencing indicates the trial court connected the restitution to the theft count. Appellate counsel argues:

> The court set out its ruling in part:
>
>> And that restitution is in the amount of [$331,500.00], which is part of the sentence in this case. It is a nondischargeable debt, because it's based on defalcation.
>
> Although it could be argued that the court order might allow one to connect the restitution component to both the theft and the money laundering counts, common sense also suggests that it applies to the count that represents the amount of the loss to the victim, as to which the restitution makes the victim whole: the theft count. Additionally, the court's ruling notes specifically that the restitution is non-dischargeable because it relates to "defalcation," or misappropriation of funds, which is a direct reference to an element of the crime of theft. *See* La.R.S. 14:67.

7

Even though appellate counsel suggests this court could find the restitution order is determinate, appellate counsel concludes this discussion by stating, "Either way, the trial court failed to state on which count or counts restitution was imposed."

Appellate counsel discusses several prior cases in which a sentence was deemed indeterminate and the matter remanded for resentencing based on the trial court's failure to specify on which count or counts restitution was imposed. In these cases, appellate counsel contends, some other ambiguity also existed, such as the amount of restitution was not specified, the victim was not specified, or the sentencing terms were indeterminate. Appellate counsel states the following in support of upholding the sentence despite the technical deficiency:

> The restitution imposed here, while technically indeterminate for the court's failure to specify which count or counts, is not impossible, difficult, or confusing to enforce. Here, there are two crimes – theft and money laundering – and there is one victim. Undersigned counsel has had multiple conversations with the Department of Corrections Board of Probation and Parole in this case, and the calculation and enforcement of Mr. Duhon's sentence is not in question. Mr. Duhon has been eligible for parole since January 9 of this year, and he had a good time release date of September 13, 2021. The restitution ordered is in a specific amount, precisely related to the State's evidence of theft at trial. And while Mr. Duhon and his counsel maintain that the State's evidence of theft was insufficient for a criminal conviction, that conviction has been thoroughly tested in this Court and brought to the attention of the Louisiana Supreme Court, to no avail. Thus, the conviction stands as proven in the eyes of the law. Finally, the restitution is ordered only in the singular victim's name. There is, accordingly, no confusion as to how much restitution was ordered and to whom it must be paid.

While suggesting this court could find the sentences determinate by interpreting the restitution order as applying to the theft sentence, appellate counsel also suggests that if this court chooses to find the sentences indeterminate, it should appoint a different trial judge for resentencing:

> On remand, this Court would have the opportunity to remedy the injustice in the sentencing of the case—the fact that the trial court taped

Mr. Duhon's mouth shut at his first sentence—by remanding the case to another judge for resentencing. *See, e.g., State v. Dondis*, 488 So.2d 454, 457 (La.App. 3 Cir. 1986). Crucial to this determination would be considering Mr. Duhon's claim in Assignment of Error number 4 of the Original brief of his original case, number 19-639, the records of both cases, and Mr. Duhon's *pro se* pleadings in the record of this case which establish that personal differences or bias between Mr. Duhon and the trial judge in this case may have interfered with his sentence.

In a footnote, appellate counsel further stresses her proposition that Defendant's sentence can be adequately interpreted and further mentions the fact that Defendant's mouth was duct taped at his original sentencing hearing:

It should be noted that counsel has been in touch with the Louisiana Department of Corrections, which had no trouble calculating Mr. Duhon's sentence in this case. So while a technical error was corrected on remand, it had no meaningful effect on Mr. Duhon or his rights. Meanwhile, Mr. Duhon's claim that his Sixth and Eighth Amendment rights had been infringed was never ruled on. And the fact that a sentencing court taped defendant's mouth shut at sentencing was never reviewed for its legal propriety under La.C.Cr.P. art. 17, *State v. Duhon*, at p. 30. Declining to address the issue of whether the trial court acted outside of its inherent authority when it taped Mr. Duhon's mouth shut during sentencing, this Court ruled:

. . . Defendant contends that the trial court acted outside of its inherent authority when it taped his mouth shut during sentencing. He requests that this court vacate his sentence and remand for resentencing. Within that assignment of error, Defendant includes a paragraph alleging the evidence does not support the extensive prison term of fifteen years and that a probationary term with the imposition of restitution would be more just. In light of our finding above that Defendant's sentence be vacated and the case remanded for resentencing due to an illegality, this claim is moot.
*Duhan, supra*, at p. 30.

So that instance, wherein a court taped a defendant's mouth shut during sentencing, is part of the caselaw now, having never been corrected, or even addressed, by any court of review. Instead, this Court remanded for a new sentencing to the same trial court against which Mr. Duhon alleged serious constitutional violations. The effect of declining to address and mooting this claim on the merits precluded Mr. Duhon from seeking further review on the issue. It also prevents him from raising the error now. In addition, it opens the door for the issue to be

9

repeated, in another court and another case, infringing further on actual, substantial rights of defendants.

Appellate counsel does not explain her statement that she is prevented from raising the duct tape issue now. Nonetheless, appellate counsel does not argue the merits of the issue in this appeal. In fact, appellate counsel originally filed an *Anders* brief alleging she could find no non-frivolous errors to assert.

We now address the issue of whether this court should order another judge to resentence Defendant upon remand.

An appellate court's authority to remand for resentencing before a different judge is provided for in the following article:

A. If the appellate court finds that a sentence must be set aside on any ground, the court shall remand for resentence by the trial court. The appellate court may give direction to the trial court concerning the proper sentence to impose.

B. In the interest of justice, the appellate court may remand the case for resentencing before a judge other than the judge who imposed the initial sentence.

C. If necessary to an appropriate disposition of a motion to reconsider sentence, the appellate court may remand the case to the trial court with instructions to supplement the record or to hold an evidentiary hearing.

D. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.

La.Code Crim.P. art. 881.4.

We find there is not much jurisprudence that discusses Section B of the above article. In the case cited by appellate counsel, *State v. Dondis*, 488 So.2d 454, 457 (La.App. 3 Cir. 1986), this court remanded for resentencing before a different judge because it felt the trial court's comments at resentencing indicated "a lack of individualization or particularization of the sentence imposed on [the] defendant." This court noted that although the trial judge read letters written on Dondis's behalf,

the trial judge may not have given them proper consideration considering the trial judge's concern that the letters were an attempt to "exert pressure" upon him. *Id.* at 456. Additionally, this court noted that the trial judge apparently believed the district attorney had shown favoritism to Dondis. *Id.*

*Dondis* cited two cases in which such relief had been granted; *State v. Soco*, 441 So.2d 719 (La.1983); and *State v. Jones*, 473 So.2d 917 (La.App. 3 Cir. 1985). In *Soco*, the supreme court remanded the case for resentencing before another judge without specifying its reasons for doing so. The supreme court seemed to be concerned, however, that the original sentencing judge imposed the maximum sentence without consideration of the proper factors. The judge failed to state that it had considered the factors set forth in La.Code Crim.P. art. 894.1 and evidently failed to consider Soco's lack of criminal history. *Soco*, 441 So.2d 719. The only consideration recited by the trial court was Soco's commission of perjury, which the supreme court found was not necessarily a relevant factor for determining the proper sentence and was certainly not sufficient to justify the maximum sentence. *Id.*

In *Jones*, 473 So.2d 917, this court issued a separate per curiam opinion addressing the defendant's request in a rehearing application that his case be assigned to another judge for resentencing. In the original opinion, this court remanded for resentencing because the sentencing judge made unwarranted assumptions in imposing the sentence. *State v. Jones*, 473 So.2d 66 (La.App. 3 Cir. 1985). Those assumptions, this court stated, were that Jones made drug sales other than the ones to which he pled guilty, and that Jones would receive assistance from family members to pay his fines. *Id.* Granting Jones's request for another judge to resentence him, this court noted that the same judge had already sentenced Jones

11

twice and noted that the supreme court had granted such relief in *Soco. Jones*, 473 So.2d 917.

In *State v. Ste. Marie*, 01-1253 (La.App. 3 Cir. 4/10/02), 824 So.2d 358, *writ denied*, 02-1117 (La. 12/19/02), 835 So.2d 1288, this court again remanded a case for resentencing before a different judge. In *Ste. Marie*, the trial court refused to follow this court's instructions upon remand of the case for resentencing:

> Despite this court's *specific* instruction to impose concurrent sentences, the trial court imposed its own judgment and flouted the order of this court. That is intolerable. . . .
>
> . . . .
>
> Faced with a similar situation, the fourth circuit in *State v. Donaldson*, 98-1015 (La.App. 4 Cir. 1/9/99); 726 So.2d 1003, remanded the case to a different section of the district court for resentencing. The court stated, "Therefore, because the trial court in Section B refuses to reconsider the defendant's sentence in the terms suggested by the Supreme Court and then by this Court, the case is to be remanded to a different section of Criminal District Court when the defendant is resentenced as a multiple offender. La.C.Cr.P. art. 881.4(B)." *Id*. at 1005. The supreme court reversed the fourth circuit's decision on another ground but affirmed the court's remand of the case for sentencing before another judge. *State v. Donaldson*, 99-369 (La.9/3/99); 740 So.2d 103. Likewise, we remand the present case to a different division of the district court for resentencing to concurrent sentences as instructed by this court in *State v. Ste. Marie*, 97-168 (La.App. 3 Cir. 4/18/01); 801 So.2d 424.

*Ste. Marie*, 824 So.2d at 359-60.

Unlike the above cases, this court denied a request for resentencing to be assigned to a different judge in *State v. Richard*, 99-1078 (La.App. 3 Cir. 12/27/00), 779 So.2d 927. In *Richard*, the defendant argued the trial judge was vindictive towards him; thus, the case should be remanded for consideration by a different judge. Quoting La.Code Crim.P. art. 881.4(B)'s requirement that an appellate court may remand the case to a different judge "in the interest of justice," this court stated:

However, "in the interest of justice," we have found no reason in the record to warrant a change. Specifically, Mr. Richard has failed to show any vindictiveness or retaliatory motive on the trial court's part. Furthermore, we found no cases on point and note that the jurisprudence on this provision is rather limited. In the case law, 881.4(B) has been employed when trial courts failed or refused to comply with higher courts' orders regarding re-sentencing. The present case presents no such situation.

*Id.* at 935-36.

While not authority, we note the following dissent by Judge Barry of the fourth circuit court of appeal. Judge Barry expressed his disagreement with the majority's decision to remand the case for resentencing before a different judge:

The reallotment ordered by the majority *ex proprio motu* is a forced recusal which implies that the trial judge is prejudiced or that he committed a grievous error(s). The reallotment hinges on the above minor variances found in the reasons for sentence.

Article 881.4(B) has not been cited in any jurisprudence as a basis to remove a trial judge from a case. See *State v. Winters*, 612 So.2d 259 (La.App. 4th Cir.1992), which did not cite art. 881.4(B). Article 881.4(B) should be reserved for egregious conduct which is not present here. Judge Cannizzaro conducted a fair trial and is in the best position to sentence the defendant. His forced recusal by this Court is not "appropriate to ensure that this defendant receives a fair and particularized sentence."

*State v. Soraparu*, 96-116, p. 1 (La.App. 4 Cir. 2/5/97), 688 So.2d 1320, 1324 (dissent, Barry, J.).

Considering the cases cited above, the present case is not the type of case wherein a different judge should be assigned to Defendant's resentencing. As in *Richard*, this is not a case wherein the trial court has failed or refused to comply with this court's orders regarding resentencing. Additionally, this is not a case wherein the maximum sentence was imposed based on inadequate reasons. For theft, Defendant was sentenced to fifteen years at hard labor, with all but eleven years suspended, and placed on three years of probation. According to the version of

La.R.S. 14:67 in effect at the time Defendant committed the theft offense, Defendant could have been sentenced from five to twenty years with or without hard labor and/or fined not more than $50,000.00[2]. La.R.S. 14:67(B)(1). For money laundering, Defendant was sentenced to fifteen years at hard labor, with all but eleven years suspended, and placed on probation for three years. According to the version of La.R.S.14:230(E)(4) in effect at the time Defendant committed the money laundering offense, Defendant could have been sentenced to a minimum sentence of five years and a maximum sentence of ninety-nine years at hard labor and a fine of not more than $50,000.00.[3] The sentences and probation terms were ordered to run concurrently. Defendant was also ordered to pay restitution in the amount of $331,500.00. We find the Defendant's sentences were nowhere near the maximum sentences he could have received.

Furthermore, the trial court considered and stated adequate grounds for the sentences imposed. Before imposing Defendant's original sentences, the trial court held two hearings regarding the restitution amount and the terms of imprisonment that should be imposed. Before imposing the sentences, the trial court stated:

> THE COURT: Okay. Well, we have had extensive hearings on these issues. Considering the evidence that was put on today, as well as the evidence we heard at the initial sentencing hearing, the Court has tried to foster ways that restitution might be accomplished.
>
> It seems like that's not going to be something that's going to be easily done. And so I agree with what Mr. Odinet has said. It does not appear that Mr. Duhon voluntarily wants to make any restitution to [the victim].

---

[2]Defendant was charged with subsection (B)(1) of La.R.S. 14:67 between the dates of January 1, 2015, and December 31, 2015. This subsection was amended in 2017 to delete the required minimum of five years and to make the imprisonment necessarily punishable at hard labor. 2017 La. Acts. No. 281.

[3]Defendant was charged by amended bill of information with violating subsection (E)(4) of La.R.S. 14:230 between the dates of January 1, 2015 and December 31, 2015. That subsection of La.R.S. 14:230 was amended in 2017 to reduce the mandatory minimum to two years and the maximum sentence to fifty years. 2017 La. Acts. No. 281.

14

I have considered the presentence report in this matter. I've considered all of the matters that have been presented to the Court at these two hearings. And I do make the following findings regarding sentence:

I do note that Mr. Duhon does not have prior felony convictions. I do note that he has previously engaged in similar activities. And I think there is an undue risk he's going to continue to commit similar crimes.

I note that he - - this crime involved the theft of a substantial amount of money, so it constitutes a major economic crime. I believe that he - - there's a need for correctional confinement and treatment.

As Mr. Odinet has pointed out, I think that there were also attempts in this case to conceal the activities that had taken place. And I think a lesser sentence would deprecate the seriousness of this.

On the other hand, I am hoping that I can fashion a sentence that will, in some way, allow [the victim] to receive some restitution for the losses that she has suffered.

Finally, we find that even if the duct tape issue was squarely before this court, it would likely be meritless. When appellate counsel raised the issue in the original appeal, she acknowledged that Defendant repeatedly interjected in the proceeding being held in the trial court. The trial court also warned Defendant that she would put duct tape over his mouth if he did not stop interrupting. According to the transcript of the pertinent proceeding, the trial court ordered the duct tape placed over Defendant's mouth. Defense counsel objected and asked the trial judge to remove Defendant instead. Defendant repeated that he could not breathe while defense counsel continued to object and while the trial court tried to proceed with the hearing. The trial court correctly noted that Defendant had to be present for sentencing. La.Code Crim.P. art. 835. At the beginning of the very next page of the transcript, the trial court ordered the bailiff to remove the duct tape, warning Defendant that she would put the duct tape back on if Defendant kept interrupting.

15

During the time Defendant's mouth was duct taped, no substantive evidence was received by the trial court.

In Defendant's original brief, appellate counsel acknowledged the trial court's authority to require criminal proceedings be conducted with dignity and order but contended the trial court's actions fell outside of that authority. Without citing any authority other than the Sixth and Eighth Amendments of the United States Constitution, appellate counsel asserted the trial judge had no authority to physically cover Defendant's mouth or interfere with his breathing. We find that since Defendant continued to talk while the duct tape was on his mouth, the duct tape did not interfere with his breathing enough to interfere with his ability to speak. Furthermore, the duct tape was taken off shortly after it was put on. Finally, we find the jurisprudence supports the type of measure taken by the trial judge in this case.

In *State v. Brewer*, 301 So.2d 630, 635 (La.1974), the supreme court stated the following:

> In his Per curiam attached to these bills the judge states that he was acting pursuant to the powers granted him under C.Cr.P. Art. 17, which gives a court the power and the duty to require that criminal proceedings be conducted in a dignified, orderly, and expeditious manner and to control the proceedings so that justice is done. In order to protect the right of these defendants to be present during a capital trial, the court felt that the discipline employed was necessary. We hold that the judge abused his discretion by taping and shackling one of the defendants, Wilkerson. However, it was no abuse of discretion to do so to the other, Brewer. Defendant Brewer made clear his intention to disrupt the court and his disrespect for the proceedings in the colloquy reproduced supra. However, defendant Wilkerson only made two remarks, which are italicized, and neither of these manifested any similar intent. It clearly appears that Wilkerson's right to be present at the trial free from the physical restraints necessitated by Brewer's disruptive attitude and actions was denied because of Brewer's behavior. A defendant who is taped cannot possibly confer with his attorney during the course of the trial. Additionally, regardless of the judge's charges to the contrary, it is conceivable that the jury might be somewhat prejudiced by seeing him in this condition; the defendant has a right to a trial free from any such prejudice unless he abuses this right,

16

as defendant Brewer did in this case. On this basis, we feel that we must reverse defendant Wilkerson's conviction and sentence and remand his case for a new trial.

There was no reversible error as to defendant Brewer. Under the United States Supreme Court holding in Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) a trial judge may in his discretion bind and gag an obstreperous defendant, thereby permitting his continued presence in the courtroom. The record supports the court's decision that such measures were necessary.

Likewise, the trial judge in the present case was acting within the powers granted her under La.Code Crim.P. art. 17, which imposes on courts the duty to require that criminal proceedings be conducted in a dignified, orderly, and expeditious manner, and to control the proceedings so that justice is done. The trial court's actions were reasonable considering Defendant's actions and his right to be present for his sentencing hearing.

Finally, appellate counsel contends this court should review the records of both of Defendant's cases, as well as Defendant's pro se pleadings, to see the personal differences or bias between Defendant and the trial judge. Without citation to specific page numbers and specific instances of conduct, this argument is not sufficient. *See* Uniform Rules—Courts of Appeal Rule 2-12.4(9)(a). However, this court will address the errors raised in Defendant's pro se brief filed in this appeal.

For the foregoing reasons, this court finds Defendant's sentences are indeterminate because the trial judge failed to state on which count or counts restitution was imposed. Thus, the sentences are vacated, and the case remanded for resentencing. Appellate counsel's request for the appointment of a different judge, however, is denied.

**BRIEFED ISSUE NUMBER TWO**

Appellate counsel addresses the second issue this court ordered her to brief - whether the sentences imposed by the trial court at resentencing were indeterminate because the trial court failed to clearly state whether restitution was imposed as part of the sentence(s) or was imposed as a condition of probation. As shown in the imposition of the resentencing recited above, the trial court stated that restitution was part of "the sentence," but then followed with this statement: "But, certainly, as a part of probation, that is to be monitored by probation and parole." The trial court immediately followed with a statement that the restitution is part of the sentence and is a "nondischargeable debt, because it's based on defalcation." The written form outlining the conditions of probation enumerated the following as a special condition of probation: "Pay the court costs of $435.50 and restitution of $[] 331,500.00 which was imposed as part of your sentence." Finally, a civil money judgment signed by the trial judge specifically states the judgement was being issued in accordance with La.Code Crim.P. art. 895.1. The judgment itself, however, contains language that could be interpreted as stating the restitution was imposed as part of Defendant's sentence(s).

The trial court's references to both "the sentence" and "probation" when it imposed restitution, as well as the written orders issued regarding the sentences, make it unclear whether restitution was imposed as part of the sentence(s) or as part of the conditions of probation. This court has found a sentence to be indeterminate when it was unclear whether restitution was imposed as part of the principal sentence or as a condition of probation. *State v. Vidrine*, 19-210 (La.App. 3 Cir. 10/2/19), 280 So.3d 664.

18

Arguing the sentences are not indeterminate, appellate counsel asserts:

> The trial court in this case imposed restitution as part of the sentence. At sentencing, the court noted "that restitution is in the amount of $331,500, which is part of the sentence in this case." R. 177. The fact that the restitution is part of the sentence is repeated three times on page 177 of the record. The fact that restitution is to be made as part of the sentence is also made clear on the very first page of the record in this case, with the entry stating, "The court noted that the restitution is part of the sentence." R. i.

> The Code of Criminal Procedure provides for the imposition of restitution as a condition of probation or as part of the sentence. *See* La.C.Cr.P. arts. 895 and 895.1; and La. C.Cr.P. art. 883.2, respectively. A restitution order is indeterminate if it is unclear whether the trial court imposed the restitution as part of the principal sentence or as a condition of probation. *State v. Vidrine*, 19-210 (La.App. 3 Cir. 10/2/2019), 280 So.3d 664, 669. In this case, the transcript and the first page of the record state that restitution is part of the sentence and refers to article. "83.2" —though through the context we can be confident that this is either a typo or a misunderstanding by the court reporter. There is no Code of Criminal Procedure Article 83.2, and the only possible Code of Criminal Procedure Article this could be is Article 883.2, which provides for restitution as part of the sentence. The trial court here imposed restitution as part of the sentence. The sentence cannot be found to be indeterminate on grounds that the court failed to specify whether the restitution was imposed as part of the sentence or as a condition of probation.

Considering the statements made by the trial court when it imposed the sentences at resentencing and considering the written orders issued by the trial court regarding the sentences imposed, this court finds the sentences imposed are indeterminate as to whether restitution was imposed as part of the sentence(s) or as a condition of probation. Thus, the sentences are vacated for this reason as well. Upon remand for resentencing, this court instructs the trial court to clearly state whether the restitution is imposed as part of the sentence(s) or as a condition of probation.

**PRO SE ASSIGNMENT OF ERROR NUMBER ONE**

Defendant filed a pro se brief alleging numerous errors, none of which are divided into separate assignments of error. We have done our best to separate the issues raised into assigned errors. Most of the errors alleged by Defendant attack his convictions. As stated above, the trial court's resentencing is the only matter properly before this court for review. Thus, we find that all of Defendant's arguments regarding his convictions are improper and will not be considered by this court.

**PRO SE ASSIGNMENT OF ERROR NUMBER TWO**

Defendant contends his convictions and sentences should be vacated based on double jeopardy. Although this claim involves Defendant's convictions, which are not properly before this court, the claim also involves Defendant's sentences. Furthermore, double jeopardy claims may be raised at any time. La.Code Crim.P. art. 594.

Defendant claims his convictions and sentences for both theft and money laundering violated the prohibition against double jeopardy. Defendant also claims the trial judge has refused to rule on his double jeopardy claim. As the trial court stated at resentencing, the double jeopardy issue was raised and ruled upon in Defendant's prior appeal. *Duhon*, 297 So.3d 892. Thus, the trial court did not refuse to rule on the motion; rather, it found the motion had already been ruled upon. Accordingly, this court rejects Defendant's arguments in this assignment of error as having already been decided on appeal.

**PRO SE ASSIGNMENT OF ERROR NUMBER THREE**

Defendant asserts that in accordance with La.Code Crim.P. art. 881.4(B), this court should remand this case for resentencing by a different judge. Defendant

20

contends this is appropriate in this case because the trial judge has refused to rule on his double jeopardy motion, keeps imposing illegal sentences, and has a civil rights action pending against her by Defendant. We have already addressed the issue of whether this court should order resentencing before another judge. As previously stated, this case is not like other cases wherein a different judge has been appointed upon remand. Defendant's pro se claims do not change this court's recommendation.

As previously stated, Defendant's statement that the trial judge refuses to rule on his double jeopardy motion is factually incorrect. The trial judge did not refuse to rule upon the motion; rather, the trial judge found the double jeopardy issue had already been decided on appeal. Additionally, the fact that the trial judge imposed an illegal sentence at the original sentencing and at resentencing does not show any vindictiveness or retaliatory motive on the trial court's part, nor does it show an unwillingness to follow this court's instructions. *See Richard*, 779 So.2d 927, and *Ste. Marie*, 824 So.2d at 358. Thus, these assertions do not warrant resentencing by a different judge.

Finally, Defendant's assertion that he has filed a civil lawsuit against the trial judge is likewise not a reason for a different judge to resentence Defendant. At the resentencing hearing, Defendant questioned whether the trial judge should be imposing the sentence(s) since Defendant had filed a civil lawsuit against her. The trial judge stated that she was unaware of the lawsuit, but, regardless, a lawsuit was not a reason for her to recuse herself. This court notes that trial judges are presumed to be impartial, and the jurisprudence has required more than the mere filing of a lawsuit against a judge as sufficient grounds to recuse the judge. *State v. Barker*, 17-469 (La.App. 4 Cir. 5/30/18), ___ So.3d ___, *writ denied*, 18-968 (La. 3/18/19), 267

21

So.3d 85; *State v. McGill*, 50,994 (La.App. 2 Cir. 1/11/17), 213 So.3d 1181.

Likewise, Defendant's conclusory allegations of a lawsuit against the trial judge do

not warrant the appointment of a new judge for resentencing.

**PRO SE ASSIGNMENTS OF ERROR NUMBERS FOUR, FIVE, AND SIX**

Defendant contends the restitution imposed by the trial court "had no legal

basis from [the] presented evidence or statute charged upon Defendant." Defendant

contends his request for a restitution hearing was denied. Additionally, Defendant

claims that neither of the statutes pursuant to which he was convicted allow for the

imposition of restitution. Consequently, Defendant asserts that the December 9,

2019 civil money judgment issued by the trial court for the restitution amount was

issued for an illegal amount. Further, Defendant asserts the trial judge had no

jurisdiction to issue the civil money judgment since Defendant's appeal was pending

in this court. Defendant asks this court to remove the December 9, 2019 civil money

judgment and to order the trial court to hold a restitution hearing.

First, the trial court was authorized to impose restitution upon Defendant

either as part of the sentences imposed or as part of the conditions of probation.

Restitution as part of a sentence is authorized by La.Code Crim.P. art. 883.2, which

states, in pertinent part:

> A. In all cases in which the court finds an actual pecuniary loss
> to a victim, or in any case where the court finds that costs have been
> incurred by the victim in connection with a criminal prosecution, the
> trial court shall order the defendant to provide restitution to the victim
> as a part of any sentence that the court shall impose.

Restitution as a condition of probation is provided for in La.Code Crim.P. art.

895.1, which provides, in pertinent part:

> A. (1) When a court places the defendant on probation, it shall,
> as a condition of probation, order the payment of restitution in cases
> where the victim or his family has suffered any direct loss of actual

22

cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain. However, any additional or other damages sought by the victim and available under the law shall be pursued in an action separate from the establishment of the restitution order as a civil money judgment provided for in Subparagraph (2) of this Paragraph. The restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.

Thus, we find the trial court was authorized to impose restitution in this case.

As for Defendant's claim that he did not receive a restitution hearing, this claim lacks merit. The trial court held a hearing on May 23, 2019, where restitution was discussed. The trial court accepted argument and testimony regarding the amount owed to the victim and property transfers that could be made to satisfy the restitution owed. The trial court recessed the hearing to research to property transfers as satisfaction of restitution. The hearing commenced again on July 18, 2019. At the July 18, 2019 hearing, the trial court heard more testimony regarding restitution and imposed the sentences.

Defendant's claim that he did not receive a restitution hearing is clearly without merit. Additionally, Defendant fails to show that the December 9, 2019 civil money judgment was issued for an illegal amount.

Defendant also asserts, however, that since his case was already pending in this court on December 9, 2019, the trial court lacked jurisdiction to issue the civil money judgment on that date. In his supplemental brief, Defendant once again raised the issue of the civil money judgment.

The trial court's handwritten sticky note dated July 30, 2020, indicates the trial court's belief that the civil money judgment remains effective as to the restitution imposed at the resentencing hearing. Thus, without any instruction by

23

this court, it appears the civil money judgment will be considered an enforceable judgment.

Because the civil money judgment was issued after Defendant's original sentencing, we examined the original sentence to determine whether the civil money judgment was correctly issued. At the original sentencing hearing, the trial court stated the following:

> So, for the offense of theft over $25,000, I am sentencing the defendant to 15 years at hard labor. For the laundering - - money laundering offense, I am sentencing him to 15 years at hard labor. I'm going to allow those sentences to run concurrent.

> I am going to suspend all but 11 years of the sentence. And I am going to recommend that Mr. Duhon go to a facility where he can receive mental health treatment, because I think he has got some serious problems in that regard.

> The suspension of the - - And I'm also ordering him to make restitution to the victim, in accordance with Article - - Code of Criminal Procedure - - 83.2, of $331,500. Any restitution that is obtained through the sale of properties will be credited. In addition to that $331,500, as part of the restitution, the Larriviere property is to be returned to Ms. Dutsch.

> The suspended part of the sentence will be conditioned upon three years of active supervised probation, with all the following regular conditions of probation and the following special conditions:

> The defendant is to receive follow-up mental health treatment as recommended by the Department of Correction programming; he is to perform 60 hours of community service, half through litter abatement; he's to pay the $150 cost of the Probation and Parole presentence investigation; he's to pay court costs of $435.50; and, of course, the restitution, which is part of his sentence, of $331,500, plus return of the property.

> I am also going to add, as an additional condition of probation, that he is prohibited from engaging in any activity in any capacity as an investment advisor, broker, or money manager, or serving in any capacity in which he has access to money belonging to a third party or other assets of a third party.

His probation is going to run concurrent with his parole. So that, as soon as he paroles out, he will be under these restrictions of probation. He'll receive credit for any time served on this charge.

The civil money judgment signed by the trial judge on December 9, 2019, specifically states the judgment was issued in accordance with La.Code Crim.P. art. 895.1, the article pertaining to conditions of probation. The judgment states:

## CIVIL MONEY JUDGMENT OF RESTITUTION

Defendant above has been found guilty in the above captioned criminal proceeding. As a condition of his sentence and probation upon a criminal conviction, shall pay RESTITUTION to MARIE DUTSCH in the amount of $331,500.00.

In accordance with Louisiana Code of Criminal Procedure Article 895.1, the order of the 15th Judicial District Court to the defendant in the above captioned matter to pay restitution as described herein shall constitute and is hereby deemed a civil money judgment against the defendant in favor of the victim above described in the sum of the total amount of restitution above described. In addition to proceedings had by the court which ordered the restitution, the judgment in the sum of the total amount of restitution also above described may be enforced in the same manner as a money judgment in a civil case. This judgment shall be filed as a lien as provided by law for judgment creditors. This shall constitute written evidence of the order which constitutes the judgment. And amount received by the victim of the judgment ordered by the court hereunder, shall be credited against the amount of any subsequent civil judgment against said defendant and in favor of said victim(s), which arises out of the same act or acts which are the subject to the criminal offenses above captioned.

The Court finds that this judgment is for restitution included specifically in the sentence of the defendant's conviction and is specifically based upon fraud and defalcation of the defendant while acting in a fiduciary capacity, upon embezzlement, and upon larceny and, as such, defendant shall not be entitled to a discharge, under any circumstances or law, from this debt or obligation.

After review, we conclude that the trial court's statements at the original sentencing hearing are unclear as to whether restitution was imposed as part of Defendant's original sentence or was imposed as a condition of probation. Although the trial court stated restitution was imposed as part of the sentence and referred to

25

La.Code Crim.P. art. 883.2, the trial court also listed the payment of restitution with the other conditions of probation and cited La.Code Crim.P. art. 895.1 in the civil money judgment. Accordingly, as with the sentence imposed at resentencing, the sentence imposed at the original sentencing hearing was indeterminate as to whether restitution was imposed as part of the sentence or as a condition of probation.

Although the issuance of a civil money judgment for restitution is provided for in the Code of Criminal Procedure, the procedure for doing so depends on whether the restitution is imposed as a condition of probation or as part of the sentence. If restitution is imposed as a condition of probation, the following section of La.Code Crim.P. art. 895.1 applies:

> (2)(a) The order to pay restitution together with any order to pay costs or fines, as provided in this Article, is deemed a civil money judgment in favor of the person to whom restitution, costs, or fines is owed, if the defendant is informed of his right to have a judicial determination of the amount and is provided with a hearing, waived a hearing, or stipulated to the amount of the restitution, cost, or fine ordered. In addition to proceedings had by the court which orders the restitution, cost, or fine, the judgment may be enforced in the same manner as a money judgment in a civil case. Likewise, the judgment may be filed as a lien as provided by law for judgment creditors. Prior to the enforcement of the restitution order, or order for costs or fines, the defendant shall be notified of his right to have a judicial determination of the amount of restitution, cost, or fine. Such notice shall be served personally by the district attorney's office of the respective judicial district in which the restitution, cost, or fine is ordered.

Since this provision states that the order to pay restitution "is deemed a civil money judgment," the issuance of a separate civil money judgment may not have been necessary. Thus, if the restitution in the present case was imposed as a condition of probation under La.Code Crim.P. art. 895.1, it could be argued that the issuance of the civil money judgment was simply a ministerial matter properly conducted by the trial court even though the case was on appeal. La.Code Crim.P. art. 916(6). As

26

a ministerial act, the trial court arguably retained jurisdiction under La.Code Crim.P. art. 916(6).

On the other hand, as discussed, the trial court's restitution order in this case could also be interpreted as part of Defendant's sentence(s), rather than a condition of probation. If imposed as part of the sentence(s), the pertinent article is La.Code Crim.P. art. 883.2, which allows the trial court to impose restitution as part of the sentence instead of as a condition of probation. Although La.Code Crim.P. art. 883.2 does not provide for the issuance of a civil money judgment, La.Code Crim.P. art. 886 provides, in pertinent part:

> A. In the event of nonpayment of a fine, nonpayment of restitution to the victim, or nonpayment of a fine and costs, within sixty days after the sentence was imposed, and if no appeal is pending, the court which imposed the sentence may sign a judgment against the defendant in a sum equal to the fine or restitution plus judicial interest to begin sixty days after the sentence was imposed plus all costs of the criminal proceeding and subsequent proceedings necessary to enforce the judgment in either civil or criminal court, or both. Collection of the judgment may be enforced in either criminal or civil court, or both, in the same manner as a money judgment in a civil case. In addition, particular courts may provide by court rule for enforcement by the filing of an offset claim against the defendant, in accordance with R.S. 47:299.1 through 299.20.

According to the above article, a civil money judgment should not be imposed for restitution ordered as part of a defendant's sentence unless the defendant fails to pay the restitution within sixty days of sentencing. Additionally, the article specifically states that the civil money judgment cannot be imposed if the case is pending on appeal, which it was in this case.

In *State v. Granger*, 08-1481 (La.App. 3 Cir. 6/3/09), 11 So.3d 683, this court addressed the legality of a trial court's issuance of a "Judgment of Restitution" two months after sentence was imposed. The trial court did not impose restitution at the sentencing hearing, but told the State that it could file a civil judgment in conformity

27

with the amount of restitution set forth in the presentence investigation report. *Id.* On appeal, Granger alleged the trial court no longer had jurisdiction to impose the restitution judgment and alleged that restitution was generally limited to probated sentences. *Id.* Finally, Granger questioned whether the trial court was authorized to impose restitution without a hearing. *Id.* This court addressed Granger's claims as follows:

> Suspension of a defendant's sentence or placing a defendant on probation is not a prerequisite to imposing restitution. La.Code Crim.P. art. 883.2. At the time this offense was committed, La.Code Crim.P. art. 883.2 provided:
>
> > In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court *shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose.*
>
> (Emphasis added).
>
> Furthermore, La.Code Crim.P. art. 886(A) provides, pertinent part:
>
> > In the event of nonpayment . . . of restitution to the victim, within sixty days after the sentence was imposed, and if no appeal is pending, the court which imposed the sentence may sign a judgment against the defendant in a sum equal to the fine or restitution plus judicial interest to begin sixty days after the sentence was imposed plus all costs of the criminal proceeding and subsequent proceedings necessary to enforce the judgment in either civil or criminal court, or both. Collection of the judgment may be enforced in either criminal or civil court, or both, in the same manner as a money judgment in a civil case.
>
> (Emphasis added).
>
> Louisiana Code of Criminal Procedure Article 916 also provides in pertinent part:
>
> > The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no

jurisdiction to take any action except as otherwise provided by law and to:

(l) Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments in accordance with Articles 844 and 919.

(2) Correct an error or deficiency in the record.

(3) Correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.

(4) Take all action concerning bail permitted by Title Vlll.

(5) Furnish per curiam comments.

(6) Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.

(7) Impose the penalty provided by Article 844.

(8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.

Thus, the trial court was divested of jurisdiction in this case at the time it entered the Judgment of Restitution. The judgment is therefore a nullity.

. . . .

For the foregoing reasons, the defendant's sentence is affirmed, but the Judgment of Restitution is vacated. The matter is remanded to the trial court for re-sentencing with regard to amounts owed for restitution, in accordance with this opinion.

*Id*. at 690-91.

Accordingly, if the trial court in the present case imposed restitution as part of Defendant's sentence(s) pursuant to La.Code Crim.P. art. 883.2, the trial court had no authority to issue the civil money judgment while Defendant's appeal was

29

pending. Consequently, we find merit to Defendant's claim that the trial court lacked jurisdiction to issue the civil money judgment in the present case.

In his August 6, 2020 pro se motion filed in the trial court, Defendant asked the trial court to remove the civil money judgment from all the public records. The civil money judgment was filed in the mortgage records on December 11, 2019, with Defendant being the mortgagor and the victim being the mortgagee. In *Granger*, 11 So.3d 683, this court vacated the illegally issued civil money judgment but stated nothing regarding the removal of the judgment from the mortgage records. Likewise, in *State v. Roberts*, 08-1026 (La.App. 3 Cir. 3/4/09), 4 So.3d 1011, this court vacated an improperly issued civil money judgment without stating anything about having the judgment removed from the mortgage records. According to La.Civ.Code art. 3337, "The recorder shall cancel a mortgage or privilege from his records in the manner prescribed by law." Therefore, the civil money judgment is vacated, and the parties are ordered to seek cancellation of the mortgage as provided by law.

### PRO SE ASSIGNMENT OF ERROR NUMBER SEVEN

Defendant argues the trial court's restitution order cannot stand since restitution cannot be paid to a "non-victim." Defendant contends that "Dutsch Beer & Distilling, LLC" is the proper victim in this matter, not the victim to whom restitution was ordered and is charged in the bill of information. This argument, however, was already addressed in Defendant's original appeal. *Duhon*, 297 So.3d 892.

### CONCLUSION

Defendant's sentences are vacated as indeterminate, and the case is remanded for resentencing. The trial court is instructed that if restitution is again imposed, the trial court must specify to which count or counts it applies. Additionally, the trial

court should clearly state whether restitution is imposed as part of the sentence(s) or as a condition of probation.

Since the December 9, 2019 "Civil Money Judgment of Restitution" is no longer based on a legal restitution order, that judgment is also vacated. The trial court is instructed that any civil money judgment issued in this case should be issued pursuant to the appropriate Louisiana Code of Criminal Procedure Articles; La.Code Crim.P. art. 895.1 if it is imposed as a condition of probation, and La.Code Crim.P. arts. 883.2 and 886 if it is imposed as part of the sentence(s). The parties are ordered to seek cancellation of the judicial mortgage created by the civil money judgment as provided by law. La.Civ.Code art. 3337.

**SENTENCES VACATED; CIVIL MONEY JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS.**